IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>*Plaintiff,*<br><br>v.<br><br>ADAMS COUNTY SHERIFF'S OFFICE and ADAMS COUNTY,<br><br>*Defendants.* | No. 2:25-cv-99<br><br>NOTICE OF REMOVAL |

**TO:** The Clerk of Court

**AND TO:** All Counsel of Record

**PLEASE TAKE NOTICE** that Defendants Adams County Sheriff's Office and Adams County hereby removes to this Court pursuant to 28 U.S.C. § 1331 the above captioned action, which was originally filed in the Superior Court of the State of Washington, Spokane County, and assigned Case No. 25-2-01212-32.

In support of its Notice of Removal, Defendants state as follows:

NOTICE OF REMOVAL - 1

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

# I. Background.

1. Washington initiated this Action on March 10, 2025.

2. The Complaint is attached hereto as Exhibit A.

3. Copies of all process, pleadings, and orders served on Defendants in this action are attached hereto as Exhibit B, as required by 28 U.S.C. § 1446(a).

4. Washington's action against Defendants asserts that Defendants have violated RCW 10.93.160, RCW 43.10.315, and RCW 43.17.425.

5. Adams County Sheriff's Office and Adams County are the only defendants in this action.

# II. Jurisdiction.

6. This action is removable because RCW 10.93.160 allows Defendants to take each and every action alleged to form the factual predicate of the Complaint when such actions are "required by law," and specifically that "Nothing in this section prohibits the collection, use, or disclosure of information that is required to comply with state or *federal law* …" RCW 10.93.160(16) (emphasis added).

7. RCW 10.93.160 also expressly provides that "local law enforcement agencies may not give federal immigration authorities access to interview individuals about a noncriminal matter while they are in custody, except as required by state or *federal law*." RCW 10.93.160(6)(a) (emphasis added); *see also* Compl. ¶ 4.29 ("[L]ocal law enforcement cannot grant federal immigration authorities access to interview an individual in the custody of local law enforcement about a noncriminal matter unless access is required by state or *federal law*." (Emphasis added)).

Notice of Removal - 2

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

8. Similarly, RCW 43.17.425(3) states that "Nothing in subsection (1) or (2) of this section prohibits the collection, use, or disclosure of information that is required to comply with state or *federal law* … [or] Required to comply with policies, grants, waivers, or other requirements necessary to *maintain funding* …" (Emphasis added.); *see also* Compl. ¶ 4.23 ("Nor may local law enforcement share nonpublicly available information about an individual with federal immigration officials … except as required by state or *federal law*, including 8 U.S.C. § 1373." (Emphasis added)).

9. Even assuming as true each and every factual allegation in the Complaint, and assuming that such allegations, if proven, otherwise constitute violations of the recited state laws, whether or not Adams County has actually violated the recited state laws depends on whether or not the conduct alleged was required to comply with federal law or required to maintain federal funding, as explicitly stated in the state statutes alleged to have been violated.

10. Thus, the Complaint alleges a question of federal law on its face.

11. "Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

12. At least the above cited statutory requirements on their face do not apply when federal law requires local law enforcement to cooperate with federal immigration authorities or otherwise requires the actions complained of.

NOTICE OF REMOVAL - 3

WASHINGTON V. ADAMS COUNTY, NO. 2:25-CV-99 (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

13. The degree of cooperation required is actually disputed, substantial, and important to the subject area of immigration that is federal. *See Arizona v. United States*, 567 U.S. 387 (2012).

14. Further, it is a federal crime for any persons to "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceal[], harbor[], or shield[] from detection, or attempt[] to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation …" 8 U.S.C. § 1324.

15. Moreover, it is a federal crime to "engage[] in misleading conduct toward another person … to … cause or induce any person to … be absent from an official proceeding to which such person has been summoned by legal process." 18 U.S.C. § 1512.

16. Thus, whether any act complained of in the Complaint was actually required to be performed in order to comply with these criminal statutes raises a substantial federal question under 8 U.S.C. § 1324 and 18 U.S.C. § 1512.

### III. Venue.

17. Because this action is brought in the Spokane County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 128(a): this District embraces Spokane County, Washington, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

NOTICE OF REMOVAL - 4

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

### IV. NOTICE OF FILING OF NOTICE OF REMOVAL.

18. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Spokane County Superior Court.

### V. CONCLUSION.

19. **WHEREFORE**, Defendants Adams County and Adams County Sheriff's Office hereby remove this action to this Court for all future proceedings.

///
///
///
///
///

March 28, 2025.

NOTICE OF REMOVAL - 5

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Ard Law Group PLLC

By: /s/ Joel B. Ard

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

Notice of Removal - 6

Washington v. Adams County, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

# CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I electronically served the foregoing Notice of Removal together with its Exhibits in *WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. Wash.) via email pursuant to prior consent of the parties.

ARD LAW GROUP PLLC

By: /s/ Joel B. Ard

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

CERTIFICATE OF SERVICE

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. Wash.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243