IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

STATE OF WASHINGTON,

*Plaintiff,*

v.

ADAMS COUNTY SHERIFF'S
OFFICE and ADAMS COUNTY,

*Defendants.*

No. 2:25-cv-99

ANSWER OF DEFENDANT
ADAMS COUNTY TO
PLAINTIFF'S COMPLAINT

Defendant Adams County, by and through counsel, answer Plaintiff's Complaint, Doc. 1-2, as follows:

1.1    Defendant admits that in 2019 the Washington legislature enacted S.B. 5497, which the Complaint refers to as the "Keep Washington Working Act." Defendant otherwise states that the statute and records of legislators' votes speak for themselves and are the best evidence of their contents; to the extent that the characterization in Paragraph 1.1 differs from this best evidence, that characterization is denied. Defendant lacks sufficient information to respond to

ANSWER - 1

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

allegations regarding the motivations of lawmakers or to the remaining allegations in Paragraph 1.1; thus they are deemed denied.

1.2 The allegations in the first clause of Paragraph 1.2 contain legal conclusions and questions of law which require no response. Defendant lacks sufficient information to respond to the allegations in the second clause of Paragraph 1.2; to the extent a response is required, the allegations in the second clause of Paragraph 1.2 are denied.

1.3 The allegations in Paragraph 1.3 contain legal conclusions and questions of law which require no answer.

1.4 The allegations in Paragraph 1.4 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant admits Plaintiff has accurately quoted a portion of Laws of 2019, ch. 440 § 1(3). Defendant otherwise states that the statute speaks for itself and is the best evidence of its contents; to the extent that the characterization in Paragraph 1.4 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 1.4 are denied.

1.5 The allegations in Paragraph 1.5 contain legal conclusions and questions of law which require no answer. To the extent that Plaintiff characterizes the state law, Defendant states that the law speaks for itself and is the best evidence of its contents; to the extent that the characterization in Paragraph 1.5 differs from this best evidence, that characterization is denied. To the extent an answer is required, the remaining allegations in Paragraph 1.5 are denied.

Answer - 2

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1.6    The allegations in Paragraph 1.6 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has failed to comply with the so-called Keep Washington Working Act as the law is correctly interpreted in relation to federal law. Defendant lacks sufficient information to respond to the remaining allegations in Paragraph 1.6; thus they are deemed denied.

1.7    The allegations in Paragraph 1.7 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has failed to follow state law as the law is correctly interpreted in relation to federal law. Defendant admits that Defendant was in good faith attempting to resolve the disagreement with the Washington Attorney General's Office without litigation but denies that Defendant stopped attempting to do so in late 2024. Defendant lacks sufficient information to respond regarding the intentions of the Washington Attorney General's Office; thus such allegations are deemed denied. The remaining allegations in Paragraph 1.7 are denied.

1.8    Defendant denies that "the inauguration of President Donald Trump in January 2025 changed things" for Defendant and denies that Defendant has failed to comply with the so-called Keep Washington Working Act as the state law is correctly interpreted in relation to federal law. Defendant has known since November 2024 that Donald Trump had won the 2024 presidential election. The Washington Attorney General's Office waited until after the election to threaten to sue Defendant and in January 2025 proposed the consent decree that Defendant responded regarding in the February 20, 2025 letter. That letter speaks for itself and

ANSWER - 3

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1    is the best evidence of its contents; to the extent that the characterization in

2    Paragraph 1.8 differs from this best evidence, that characterization is denied. The

3    remaining allegations in Paragraph 1.8 are denied.

4        1.9    The allegations in Paragraph 1.9 contain legal conclusions and questions

5    of law which require no answer. To the extent an answer to the second sentence is

6    required, Defendant denies that it has violated the so-called Keep Washington

7    Working Act as the law is correctly interpreted in relation to federal law.

8        1.10    Defendant admits that it is working with America First Legal

9    Foundation to protect Defendant's legal interests. Defendant denies that it has "new

10   resistance to KWW" and that it has "signaled" such purported "new resistance"

11   by working with America First Legal Foundation. Defendant admits America First

12   Legal Foundation is a nonprofit organization founded by Stephen Miller, who now

13   serves his country as White House Deputy Chief of Staff for Policy and as the

14   Assistant to the President for Homeland Security. To the extent that Plaintiff

15   characterizes unidentified statements purportedly of Stephen Miller, Defendant

16   states that Stephen Miller's statements are the best evidence of their contents; to

17   the extent that the characterization in Paragraph 1.10 differs from this best evidence,

18   that characterization is denied. To the extent an answer is required, Defendant

19   denies that Stephen Miller "has repeated white nationalist talking points."

20   Defendant lacks sufficient information to respond regarding the remaining

21   allegations in Paragraph 1.10; thus they are deemed denied.

22       1.11    Defendant states that America First Legal's press release, social media

23   postings, and website speak for themselves and are the best evidence of their

Answer - 4

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1  contents; to the extent that the characterization in Paragraph 1.11 differs from this

2  best evidence, that characterization is denied.

3      1.12    The allegations in Paragraph 1.12 contain legal conclusions and

4  questions of law which require no answer. To the extent an answer is required,

5  Defendant denies that the Court should intervene here to grant the relief Plaintiff

6  seeks and denies that Plaintiff has an obligation to sue Defendants. Defendant denies

7  that it is "breaking state law" and denies that Defendant is putting its own

8  community at risk. Defendant denies that it is violating the so-called Keep

9  Washington Working Act as the law is correctly interpreted in relation to federal law.

10  The remaining allegations in Paragraph 1.12 are denied.

11      2.1    Defendant admits that Plaintiff is the State of Washington. The second

12  sentence in Paragraph 2.1 contains legal conclusions and questions of law which

13  require no answer.

14      2.2    The allegations in Paragraph 2.2 contain legal conclusions and

15  questions of law which require no answer.

16      2.3    The allegations in Paragraph 2.3 contain legal conclusions and

17  questions of law which require no answer.

18      2.4    The allegations in Paragraph 2.4 contain legal conclusions and

19  questions of law which require no answer.

20      2.5    The allegations in Paragraph 2.5 contain legal conclusions and

21  questions of law which require no answer. To the extent an answer is required,

22  Defendant Adams County is a county of the State of Washington.

23

Answer - 5

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

2.6    The allegations in Paragraph 2.6 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the Adams County Sheriff's Office cannot be sued pursuant to RCW 36.28.010. Defendant admits that the citizens of Adams County elected Sheriff Dale Wagner to serve as the Sheriff of Adams County.

3.1    The allegations in Paragraph 3.1 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendants have removed this case to the U.S. District Court for the Eastern District of Washington. Defendant does not contest the Court's jurisdiction to hear the claim Plaintiff brings against Defendant but denies that Plaintiff is entitled to, or that this Court may grant, the relief sought.

3.2    The allegations in Paragraph 3.2 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendants have removed this case to the U.S. District Court for the Eastern District of Washington. Defendant does not contest that venue is proper in this Court but denies that Plaintiff is entitled to, or that this Court may grant, the relief sought.

4.1    The allegations in Paragraph 4.1 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant states that the state and federal statutes speak for themselves and are the best evidence of their contents; to the extent that the characterization in Paragraph 4.1 differs from this best evidence, that characterization is denied. Congress has enacted several different Civil Rights Acts, but Defendant admits that Congress enacted a Civil Rights Act in 1964.

Answer - 6

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

4.2    The allegations in Paragraph 4.2 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant states that the laws speak for themselves and are the best evidence of their contents; to the extent that the characterization in Paragraph 4.2 differs from this best evidence, that characterization is denied.

4.3    The allegations in Paragraph 4.3 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant admits Plaintiff has accurately quoted a portion of Laws of 2019, ch. 440 § 1(3). Defendant otherwise states that the statute speaks for itself and is the best evidence of its contents; to the extent that the characterization in Paragraph 4.3 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.3 are denied.

4.4    The allegations in Paragraph 4.4 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the statute and report of the U.S. Department of Agriculture speak for themselves and are the best evidence of their contents; to the extent that the characterization in Paragraph 4.4 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.4 are denied. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.4; thus they are deemed denied.

4.5    The allegations in Paragraph 4.5 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the report and article speak for themselves and are the best evidence of their contents;

Answer - 7

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

to the extent that the characterization in Paragraph 4.5 differs from this best evidence, that characterization is denied. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.5; thus they are deemed denied.

4.6     The allegations in Paragraph 4.6 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the profiles and report speak for themselves and are the best evidence of their contents; to the extent that the characterization in Paragraph 4.6 differs from this best evidence, that characterization is denied. Defendant denies that the "economic arguments in favor of compliance with KWW carry particular force in Adams County." Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.6; thus they are deemed denied.

4.7     The allegations in Paragraph 4.7 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the census report speaks for itself and is the best evidence of its contents; to the extent that the characterization in Paragraph 4.7 differs from this best evidence, that characterization is denied. Defendant denies that residents of Adams County "deserve the protections afforded by KWW so that they too may live and work with dignity." Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.7; thus they are deemed denied.

4.8     The allegations in Paragraph 4.8 contain legal conclusions and questions of law which require no answer.

Answer - 8

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

4.9     The allegations in Paragraph 4.9 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.9; thus they are deemed denied.

4.10    The allegations in Paragraph 4.10 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the reports speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.10 differs from this best evidence, that characterization is denied. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.10; thus they are deemed denied.

4.11    The allegations in Paragraph 4.11 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the filings speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.11 differs from this best evidence, that characterization is denied. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.11; thus they are deemed denied.

4.12    The allegations in Paragraph 4.12 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the filings in that case speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.12 differs from this best evidence, that characterization is denied. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.12; thus they are deemed denied.

Answer - 9

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

4.13    The allegations in Paragraph 4.13 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that obstructing federal immigration enforcement efforts "is essential for maintaining public safety" and denies that coordination with federal immigration authorities "puts crime victims and witnesses" in an "untenable position." Defendant lacks sufficient information to respond to the remaining allegations in Paragraph 4.13; thus they are deemed denied.

4.14    Defendant states that the statement of the Washington Association of Sheriffs and Police Chiefs speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.14 differs from this best evidence, that characterization is denied. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.14; thus they are deemed denied.

4.15    Defendant states that the emails from other sheriffs speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.15 differs from this best evidence, that characterization is denied.

4.16    Defendant states that the emails from other sheriffs speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.16 differs from this best evidence, that characterization is denied. Defendant denies that cooperating with federal immigration enforcement efforts "undermines efforts to build community trust."

Answer - 10

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

4.17   Defendant states that the letter from the other sheriff speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.17 differs from this best evidence, that characterization is denied.

4.18   Defendant states that the statement from the other sheriff speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.18 differs from this best evidence, that characterization is denied. Defendant denies that obstructing federal immigration enforcement efforts helps "to keep the community safe."

4.19   Defendant states that the declaration from the other sheriff speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.19 differs from this best evidence, that characterization is denied.

4.20   Defendant states that the declaration of the prosecutor speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.20 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.20 are denied.

4.21   The allegations in Paragraph 4.21 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted a portion of RCW 10.93.160(2). Defendant states that the statute speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.21 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.21 are denied.

Answer - 11

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

4.22   The allegations in Paragraph 4.22 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant states that the statutes speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.22 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.22 are denied.

4.23   The allegations in Paragraph 4.23 contain legal conclusions and questions of law which require no answer.

4.24   The allegation in Paragraph 4.24 contains legal conclusions and questions of law which require no answer.

4.25   The allegations in Paragraph 4.25 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant states that the statute speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.25 differs from this best evidence, that characterization is denied.

4.26   The allegations in Paragraph 4.26 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant states that the statutes speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.26 differs from this best evidence, that characterization is denied.

4.27   The allegations in Paragraph 4.27 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant states that the statutes speak for themselves and are the best evidence of

Answer - 12

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

their contents; to the extent the characterization in Paragraph 4.27 differs from this best evidence, that characterization is denied. Further, Defendant reserves the right to argue that the cited opinions, or Plaintiff's understanding of those opinions, are inconsistent with federal law, including 8 U.S.C. § 1373.

4.28    The allegations in Paragraph 4.28 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant states that the statutes speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.28 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.28 are denied.

4.29    The allegations in Paragraph 4.29 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant states that the statutes speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.29 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.29 are denied.

4.30    The allegations in Paragraph 4.30 contain legal conclusions and questions of law which require no answer. To the extent a response is required, Defendant admits that Plaintiff has accurately quoted a portion of RCW 43.10.315. Defendant states that the statute speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.30 differs from this best evidence, that characterization is denied. The remaining allegations in Paragraph 4.30 are denied.

Answer - 13

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1    4.31   Defendant admits that the Washington Attorney General's Office

2 published model policies and guidance in 2020. The remaining allegations in

3 Paragraph 4.31 are denied.

4    4.32   Defendant denies that the Washington Attorney General's Office has

5 "obtained the jurisdiction's voluntary compliance with KWW without the need for

6 litigation." The Washington Attorney General's Office threatened to sue Defendant

7 in both November 2024 and January 2025 as part of the Office's "engagement" with

8 Defendant. The Washington Attorney General's Office proposed suing Defendant

9 even if Defendant would have acceded to the Office's demands. Defendant lacks

10 sufficient information to respond to allegations in Paragraph 4.32 regarding dialogues

11 with local officials elsewhere in the State and regarding the motivations of the

12 Attorney General's Office; thus they are deemed denied.

13    4.33   The allegations in Paragraph 4.33 contain legal conclusions and

14 questions of law which require no answer. To the extent an answer is required,

15 Defendant denies that the Washington Attorney General's Office took a

16 "collaborative approach" in all its interactions with Defendant and denies that

17 Defendant has violated the statute as the law is correctly interpreted in relation to

18 federal law. Defendant admits that the Attorney General's Office sent a letter to

19 Sheriff Dale Wagner around November 2022. Defendant states that the letter speaks

20 for itself and is the best evidence of its contents; to the extent the characterization in

21 Paragraph 4.33 differs from this best evidence, that characterization is denied.

22    4.34   The allegations in Paragraph 4.34 contain legal conclusions and

23 questions of law which require no answer. To the extent an answer is required,

Answer - 14

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. As Plaintiff does not identify the specific incidents, Defendant lacks sufficient information to respond to allegations in Paragraph 4.34 regarding the various incidents from May 2019 to January 2022; thus they are deemed denied. Defendant denies that all of the information listed in Paragraph 4.34 is "nonpublic" and denies that none of the information from May 2019 to January 2022 was "in relation to any criminal matter." The manual and the Adams County Commission minutes speak for themselves and are the best evidence of their contents; to the extent the characterization in Paragraph 4.34 differs from this best evidence, that characterization is denied. Defendant denies that the Washington Attorney General's Office was not aware of this policy and its contents.

4.35    The allegations in Paragraph 4.35 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to public law. Defendant admits that Adams County Prosecutor Randy Flyckt met with counsel from the Washington Attorney General's Office in Ritzville on January 12, 2023.

4.36    The allegations in Paragraph 4.36 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. The letter speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.36 differs from this best evidence, that characterization is denied. The letter does not state that the

Answer - 15

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Washington Attorney General's Office had a "strong desire to work cooperatively with the Sheriff's Office." Nor did the letter cite "the State's statutory authority to engage in litigation if necessary."

4.37    The allegations in Paragraph 4.37 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.37; thus they are deemed denied.

4.38    The allegations in Paragraph 4.38 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. Normal practice is to drive prisoners from the Franklin County Jail back to Ritzville for the prisoners' release in Adams County, as required by the County's agreement with the Franklin County Sheriff. Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.38; thus they are deemed denied.

4.39    The allegations in Paragraph 4.39 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. Defendant admits that the alleged events in the cited filings purportedly took place in March 2023, nearly four years after the so-called Keep Washington Working Act went effect but more than two years ago from today.

Answer - 16

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Defendant lacks sufficient information to respond regarding the remaining allegations in Paragraph 4.39; thus they are deemed denied.

4.40 The allegations in Paragraph 4.40 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. Defendant admits that Prosecutor Flyckt met remotely with counsel for the Washington Attorney General's Office on April 6, 2023, but denies that the allegations in Paragraph 4.40 represent exactly what was discussed.

4.41 The allegations in Paragraph 4.41 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that it has violated the statute as the law is correctly interpreted in relation to federal law. Defendant admits that the Washington Attorney General's Office submitted a public records request but denies that sharing such public records would constitute a violation of the law. The remaining allegations in Paragraph 4.41 are denied.

4.42 The allegations in Paragraph 4.42 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant states that the letter speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.42 differs from this best evidence, that characterization is denied. Defendant denies that all the information Plaintiff claims is "nonpublic" is truly nonpublic. Defendant denies that it has violated the statute as it is correctly interpreted in relation to federal law.

Answer - 17

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

4.43    Defendant admits that the counsel for the Washington Attorney General's Office had another call with Prosecutor Flyckt on October 26, 2023. Defendant denies that the allegations in Paragraph 4.43 describe exactly what was discussed.

4.44    Defendant admits that the Policy Manual was updated in December 2023. Defendant lacks sufficient information to respond to the remaining allegations in Paragraph 4.44; thus they are deemed denied.

4.45    The allegations in Paragraph 4.45 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies Plaintiff's allegation of "intransigence." The Washington Attorney General's Office had not engaged with Defendant on this issue in over a year before it threatened to sue Defendant on November 26, 2024, mere weeks after Donald Trump won the 2024 presidential election. Defendant denies violating the statute as the law is correctly interpreted in relation to federal law.

4.46    The allegations in Paragraph 4.46 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, the Washington Attorney General's Office did not offer a "voluntary resolution." The Attorney General's Office sought to sue Defendant and impose a pre-ordained consent decree drafted by the Attorney General's Office. Defendant denies violating the statute as the law is correctly interpreted in relation to federal law.

4.47    The Washington Attorney General's Office did not "send a proposed agreement." The Attorney General's Office instead sent a consent decree for a court to enter upon the State of Washington suing Defendant. Defendant admits it was

Answer - 18

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

open to settlement without litigation and reiterated that desire in the February 20, 2025 letter.

4.48   The allegations in Paragraph 4.48 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies that President Trump kept it a "secret" until his inauguration on January 20, 2025, that he planned to reduce immigration and thus protect Americans. Defendant denies that President Trump has restricted immigrants' "rights" or interfered "with states' sovereign rights." Defendant admits that President Trump issued Executive Order 14,159 on January 20, 2025, titled "Protecting the American People Against Invasion."

4.49   Defendant states that the Executive Order speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.49 differs from this best evidence, that characterization is denied.

4.50   Defendant admits that on January 21, 2025, the U.S. Department of Justice's Acting Deputy Attorney General issued a memorandum titled "Interim Policy Changes Regarding Charging, Sentencing, And Immigration Enforcement." Defendant states that the memorandum speaks for itself and is the best evidence of its contents; to the extent the characterization in Paragraph 4.50 differs from this best evidence, that characterization is denied.

4.51   The allegations in Paragraph 4.51 contain legal conclusions and questions of law which require no answer. To the extent an answer is required, Defendant denies violating the statute as the law is correctly interpreted in relation to federal law. Defendant denies Plaintiff's insinuation that Defendant had been

ANSWER - 19

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1  hiding for "more than two years" Defendant's concern that "complying with the

2  injunctive provisions of the consent decree could violate federal law or expose the

3  County to federal criminal liability." The Washington Attorney General's Office did

4  not propose the consent decree and provide its terms to Defendant until January 7,

5  2025. Nor was the discussion in late January the "seventh discussion" focusing on

6  the proposed settlement. The Washington Attorney General's Office did not

7  propose the complaint for injunctive and declaratory relief until November 26, 2024,

8  and did not propose the consent decree until January 7, 2025. Defendant admits that

9  Joel Ard was appointed in February 2025 to serve as special deputy prosecutor.

10  Defendant denies that it was no longer interested in resolving the dispute without

11  litigation.

12      4.52   Defendant admits that Special Deputy Prosecutor Joel Ard sent a letter

13  to the Washington Attorney General's Office on February 20, 2025. Defendant

14  states that the letter speaks for itself and is the best evidence of its contents; to the

15  extent the characterization in Paragraph 4.52 differs from this best evidence, that

16  characterization is denied.

17      4.53   The allegations in Paragraph 4.53 contain legal conclusions and

18  questions of law which require no answer. To the extent an answer is required,

19  Defendant states that the letter speaks for itself and is the best evidence of its

20  contents; to the extent the characterization in Paragraph 4.53 differs from this best

21  evidence, that characterization is denied. Defendant denies that Defendant did not

22  express concern about conflict with federal law or until the February 20, 2025 letter

23

Answer - 20

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1  and denies that the concern about impeding federal immigration enforcement is

2  "baseless."

3     4.54   The allegations in Paragraph 4.54 contain legal conclusions and

4  questions of law which require no answer. To the extent an answer is required,

5  Defendant states that the letter speaks for itself and is the best evidence of its

6  contents; to the extent the characterization in Paragraph 4.54 differs from this best

7  evidence, that characterization is denied.

8     4.55   The allegations in Paragraph 4.55 contain legal conclusions and

9  questions of law which require no answer. To the extent an answer is required,

10 Defendant played no role in drafting and did not approve the statement of WASPC.

11 The WASPC statement represents the views of WASPC and not the views of

12 Defendant or Sheriff Wagner, despite Sheriff Wagner's membership in the

13 association. The WASPC statement speaks for itself and is the best evidence of its

14 contents; to the extent the characterization in Paragraph 4.55 differs from this best

15 evidence, that characterization is denied.

16    4.56   The allegations in Paragraph 4.56 contain legal conclusions and

17 questions of law which require no answer. To the extent an answer is required,

18 Defendant denies the allegations in the first sentence. Defendant denies that the

19 "accompanying post repeats the same incorrect statements that appear in the

20 County's letter" because the statements Plaintiff contends are incorrect are in fact

21 correct. Defendant states that the post and letter speak for themselves and are the

22 best evidence of their contents; to the extent the characterization in Paragraph 4.56

23 differs from this best evidence, that characterization is denied.

ANSWER - 21

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

5.1    Defendant incorporates the answers set forth above as if fully set forth here.

5.2    The allegations in Paragraph 5.2 are denied.

    5.2.1.  The allegations in Paragraph 5.2.1 are denied.

    5.2.2.  The allegations in Paragraph 5.2.2 are denied.

    5.2.3.  The allegations in Paragraph 5.2.3 are denied.

    5.2.4.  The allegations in Paragraph 5.2.4 are denied.

    5.2.5.  The allegations in Paragraph 5.2.5 are denied.

    5.2.6.  The allegations in Paragraph 5.2.6 are denied.

    5.2.7.  The allegations in Paragraph 5.2.7 are denied.

5.3.    The allegations in Paragraph 5.3 are denied.

5.4.    The allegations in Paragraph 5.4 are denied.

5.5.    The allegations in Paragraph 5.5 are denied.

5.6.    The allegations in Paragraph 5.6 are admitted.

5.7.    Defendant admits that Plaintiff and Defendant have a present and ongoing dispute. Defendant denies that Plaintiff is entitled to, or that this Court may grant, the relief sought.

5.8.    Defendants have removed this case to the U.S. District Court for the Eastern District of Washington. Defendant does not contest the Court's jurisdiction to hear the claim Plaintiff brings against Defendant but denies that Plaintiff is entitled to, or that this Court may grant, the relief sought. Defendant denies that Plaintiff can seek relief against the Sheriff's Office.

5.9.    The allegations in Paragraph 5.9 are denied.

Answer - 22

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

5.10.   The allegations in Paragraph 5.10 are denied.

5.11.   Plaintiff is not entitled to any remedy to challenge Defendants' actions.

6.1     The allegations in Paragraph 6.1 consist of a prayer for relief that does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to, or that this Court may grant, the relief requested.

6.2     The allegations in Paragraph 6.2 consist of a prayer for relief that does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to, or that this Court may grant, the relief requested.

6.3     The allegations in Paragraph 6.3 consist of a prayer for relief that does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to, or that this Court may grant, the relief requested.

6.4     The allegations in Paragraph 6.4 consist of a prayer for relief that does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to, or that this Court may grant, the relief requested.

Defendant denies each and every allegation not expressly admitted herein.

## First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed.

## Second Affirmative Defense

Plaintiff will not prevail on the merits of its claim.

## Third Affirmative Defense

The Keep Washington Working Act violates the Supremacy Clause.

Answer - 23

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

### Fourth Affirmative Defense

The Keep Washington Working Act is conflict preempted by federal law, including by the Immigration and Nationality Act.

### Fifth Affirmative Defense

The Keep Washington Working Act unlawfully regulates the federal government and thus violates intergovernmental immunity.

### Sixth Affirmative Defense

The Keep Washington Working Act unlawfully discriminates against the federal government and thus violates intergovernmental immunity.

### Seventh Affirmative Defense

The Keep Washington Working Act is expressly preempted by federal law, including by 8 U.S.C. § 1373.

### Eighth Affirmative Defense

The Keep Washington Working Act is conflict preempted by federal criminal laws, including 8 U.S.C. § 1324; 18 U.S.C. §§ 371-72; and 18 U.S.C. § 1512.

### Ninth Affirmative Defense

The Keep Washington Working Act is field preempted by federal immigration law.

### Tenth Affirmative Defense

The equities do not favor injunctive or declaratory relief.

Answer - 24

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1

## **Reservation of Defenses**

2         Defendant presently has insufficient knowledge or information on which to

3 form a belief as to whether it may have additional, as yet, unstated affirmative

4 defenses available. Defendant reserves the right to assert additional defenses in this

5 action in the event that discovery or other developments indicate that they would be

6 appropriate.

7         WHEREFORE, Defendant respectfully requests that this Court dismiss

8 Plaintiff's claim with prejudice, deny Plaintiff's prayer for relief, and grant other

9 relief deemed just and proper.

10 ///

11 ///

12 April 3, 2025.

13

14                              ARD LAW GROUP PLLC

15

16                    By:   _____

17                          Joel B. Ard, WSBA # 40104

18                          ARD LAW GROUP PLLC

19                          P.O. Box 281
                            Kingston, WA 98346

20                          206.701.9243
                            Joel@Ard.law

21                          Attorneys for Defendants

22

23

ANSWER - 25

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1

## CERTIFICATE OF SERVICE

2  I hereby certify that on April 3, 2025, I electronically served the foregoing

3 Answer in *WASHINGTON V. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D.

4 Wash.) via email pursuant to prior consent of the parties.

5

6

7       ARD LAW GROUP PLLC

8

9  By: _____

10      Joel B. Ard, WSBA # 40104
       ARD LAW GROUP PLLC
11      P.O. Box 281
12      Kingston, WA 98346
       206.701.9243
13      Joel@Ard.law
       Attorneys for Defendants
14

15

16

17

18

19

20

21

22

23

CERTIFICATE OF SERVICE
*WASHINGTON V. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243