IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>*Plaintiff,*<br><br>v.<br><br>ADAMS COUNTY SHERIFF'S OFFICE and ADAMS COUNTY,<br><br>*Defendants.* | No. 2:25-cv-00099-RLP<br><br>MOTION TO DISMISS "ADAMS COUNTY SHERIFF'S OFFICE"<br><br>May 26, 2205<br>Oral Argument Schedule To Be Determined Pursuant to LCR 7(i)(3)(B) |

## I. INTRODUCTION

Washington's Complaint purports to sue the "Adams County Sheriff's Office." Washington jurisprudence confirms that it is not a proper party to a lawsuit. Because it lacks the capacity to sue or be sued, it must be dismissed.

## II. ARGUMENT.

In an action involving claims against a county, Washington courts have repeatedly held that the county itself is the only entity capable of being sued. The statute says this explicitly: "The several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law …" RCW

MOTION TO DISMISS SHERIFF'S OFFICE - 1

*WASHINGTON V. ADAMS COUNTY*, NO. 2:25-CV-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

36.01.010. However, no such authority or standing to be sued is given to the Sheriff or his office. The Complaint alleges that "Defendant Adams County Sheriff's Office is an agency of Adams County and may be sued pursuant to RCW 36.28.010." That section of code, however, only establishes the duties and obligations of the Sheriff. It does not allow the office, or the Sheriff himself, to sue or be sued.

Decades of Washington jurisprudence confirm this. In *Foothills Development Co. v. Clark Cnty. Bd. of Cnty. Com'rs*, 46 Wash. App. 369 (Wash. App. Div. 2, 1986), the Court concluded that a "Board of County Commissioners is not a separate entity that has the capacity to be sued." *Id.* at 377. The court compared the statutory authority of the county in RCW 36.01.010 to the statute creating the board of commissioners:

> Under RCW 36.32.120, county commissioners 'shall' (6) '*in the name of the county* prosecute and defend all actions for and against the county ...'" (Italics ours.) This section does not give the Board the authority to prosecute and defend all actions in its own name. If the Legislature had intended to give the Board of County Commissioners this authority, it could have included such authority in this provision.

*Foothills Development*, 46 Wash. App. at 376-77. Following *Foothills*, the Court of Appeals has held that "RCW 36.32.120(6), read together with RCW 36.01.010 and .020, makes clear the legislative intent that in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued. It follows that a county council is not a legal entity separate and apart from the county itself." *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (Wash. App. Div. 1, 1990). Courts, including this Court, have routinely followed this same line of reasoning to conclude

Motion to Dismiss Sheriff's Office - 2

Washington v. Adams County, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

that the sheriff's office is not a proper defendant, because it, too, is not capable of suing and being sued.

In *Tahraoui v. Brown*, 2015 WL 563806, at *7 (Wash. App. Div. 2, 2015), the court examined the very statute cited here by Washington, and concluded that it did not allow suits against a county sheriff's office. "Chapter 36.28 RCW establishes the county sheriff. The chapter outlines the duties, powers, functions, and limitations of the office. *See* RCW 36.28.010, .020, .110, .150. But nothing in the statute demonstrates that the legislature intended to create the Pierce County Sheriff's Department as a legal entity, separate and distinct from the county itself, with the capacity to sue and be sued." This Court has agreed, twice, in both *Assenberg v. Cnty. of Whitman*, 2015 WL 5178032 (E.D. Wash. 2015) and *Richmond v. Spokane Cnty. Sheriff's Office*, 2021 WL 6202838 (E.D. Wash. 2021). In *Assenberg*, the plaintiff sued a number of Whitman County agencies, including the sheriff's office. The Court held that "Under RCW 36.28.010, which outlines the duties, functions, and limitations of the office, the county sheriff's office is charged with keeping the peace of the county. No language in this statute demonstrates that the legislature intended a county sheriff's office to be a legal entity, separate and distinct from the county itself." *Assenberg*, 2015 WL 5178032 at *7. It reiterated that prohibition six years later. "Washington case law is well-settled on the matter. Washington courts have routinely held that in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued. … Plaintiff's Complaint improperly names SCSO [Spokane County Sheriff's Office], an entity of Spokane County, as a Defendant in this case." *Richmond*, 2021 WL 6202838 at *2.

Motion to Dismiss Sheriff's Office - 3

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Washington's decision to name the Adams County Sheriff's Office as a defendant is contrary to clearly established Washington law. To the extent Washington's allegations stem from the conduct of the Adams County Sheriff's Office, such legal claims lie against Adams County. In case this Court disagrees, Defendant Adams County Sheriff's Office expressly reserves all other defenses—including that Plaintiff fails to state a claim, that Plaintiff will not prevail on the merits of its claim, that the Keep Washington Working Act violates the Supremacy Clause, that the Keep Washington Working Act is preempted by federal law, that the Keep Washington Working Act violates intergovernmental immunity, and that the equities do not favor injunctive or declaratory relief—and will raise those defenses at an appropriate time.

### III. Conclusion.

Adams County Sheriff's Office lacks the legal capacity to sue or be sued under Washington law. It is not a proper party, and must be dismissed.[1]

///
///
///
///
///

---

[1] Counsel for the State has indicated it intends to seek remand. The parties will coordinate to present the Court with a proposed schedule for considering all dispositive issues at a date and time acceptable to the Court.

Motion to Dismiss Sheriff's Office - 4

Washington v. Adams County, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

April 4, 2025.

                                      ARD LAW GROUP PLLC

By: _____

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

MOTION TO DISMISS SHERIFF'S OFFICE - 5
WASHINGTON V. ADAMS COUNTY, No. 2:25-CV-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

# CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, I served the foregoing MOTION TO DISMISS SHERIFF'S OFFICE in *Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.) via email with prior consent of the parties.

ARD LAW GROUP PLLC

By: _____

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

CERTIFICATE OF SERVICE

*Washington v. Adams County*, No. 2:25-cv-00099-RLP (E.D. Wash.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243