1    NICHOLAS W. BROWN
     Attorney General
2    EMILY C. NELSON
     BENJAMIN SEEL
3    Assistant Attorneys General
     Attorney General of Washington
4    Wing Luke Civil Rights Division
     800 Fifth Avenue, Suite 2000
5    Seattle, WA 98104
     206-464-7744
6

7

8
                    **UNITED STATES DISTRICT COURT**
9                   **EASTERN DISTRICT OF WASHINGTON**

10   STATE OF WASHINGTON,                    NO. 2:25-cv-99

11                    Plaintiff,             STATE OF WASHINGTON'S
                                             OPPOSITION TO MOTION
12        v.                                 TO DISMISS "ADAMS
                                             COUNTY SHERIFF'S
13   ADAMS COUNTY SHERIFF'S                  OFFICE"
     OFFICE, ADAMS COUNTY
14                                           JUNE 10, 2025
                      Defendants.            With oral argument:
15                                           2:00 p.m., Spokane

16

17

18

19

20

21

22   PLAINTIFF'S OPPOSITION TO
     MOTION TO DISMISS THE
     ADAMS COUNTY SHERIFF'S
     OFFICE

# I.    INTRODUCTION

1    Adams County and the Adams County Sheriff's Office have routinely
2 violated the Keep Washington Working Act (KWW) by, among other things,
3 unlawfully holding people in custody based solely on their immigration status,
4 enabling federal immigration authorities to question individuals in their custody,
5 and sharing personal, nonpublic information about hundreds of Washingtonians
6 with federal immigration officials. While it is true that Defendants are
7 collectively responsible for this pattern of unlawful conduct, many of the
8 violations involve Sheriff's Deputies improperly abusing their law enforcement
9 authority. Defendants now seek to dismiss the Sheriff's Office from the case
10 entirely, arguing that it is not capable of being sued under Washington law. They
11 are wrong.

12    Adams County has expressly disclaimed any ability to supervise the
13 Sheriff's Office's operations. This includes the supervision necessary to ensure
14 compliance with KWW and provide the complete and effective relief sought by
15 the State. Because Defendants' Motion misconstrues the law and deliberately
16 ignores key allegations in the State's detailed, well-pled complaint, it should be
17 denied.

18    But the Court need not resolve the Motion at all. The State has also filed a
19 Motion for Remand because Defendants' removal was improper. ECF No. 4.
20 "Because subject matter jurisdiction is a threshold question for the federal
21 courts," the court should address the Remand Motion first and send this state-law

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

1    case back to state court where it belongs. *See Washington v. Greyhound Lines,*

2    *Inc.*, No. 2:20-CV-00209-SAB, 2020 WL 4918011, at *1 (E.D. Wash. Aug. 21,

3    2020).

4    ## II.    FACTUAL AND PROCEDURAL BACKGROUND

5    On March 10, 2025, the State sued Adams County and the Adams County

6    Sheriff's Office in Spokane County Superior Court for violating multiple

7    provisions of KWW. *See* ECF No. 1-2 (Complaint) ¶¶ 4.1–4.56. Under KWW,

8    state and local law enforcement are prohibited from using local resources and

9    authority for purposes of civil immigration enforcement, because that is the

10    responsibility of the federal government. Complaint ¶¶ 4.21–4.30; Wash. Rev.

11    Code §§ 10.93.160(4)-(8). As outlined in the State's Complaint, Defendants have

12    repeatedly engaged in conduct that violates KWW. Complaint ¶¶ 5.2.1–5.2.7.

13    Adams County is responsible for the operations and actions of the Adams

14    County Sheriff's Office and its employees. *Id.* ¶¶ 2.5–2.6. Despite this, the

15    Adams County Board of Commissioners has taken the position that the County

16    does not have supervisory authority over the operations of the Sheriff's Office or

17    over Adams County Sheriff Dale Wagner, who is the elected Sheriff of Adams

18    County and directs the operations of the Adams County Sheriff's Office. *Id.*

19    ¶ 4.40. That lack of authority and control over the operations of the Sheriff's

20    Office became evident during the State's attempts to negotiate a pre-litigation

21    resolution of Defendants' KWW violations.

22

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

1    For instance, in October 2023, Adams County's legal representative,

2    Prosecutor Randy Flyckt, represented to the Attorney General's Office (AGO)

3    "that Sheriff Wagner had finally directed jail and dispatch staff to stop emailing

4    in custody lists to federal immigration authorities," "agreed to cease honoring

5    civil immigration detainers, unless accompanied by a judicial warrant, and was

6    working on the policy updates the AGO had requested he make." *Id.* ¶ 4.43. But

7    Prosecutor Flyckt's formal representations to the AGO turned out to diverge from

8    the true behavior of the Sheriff's Office, because, "despite these representations,

9    Sheriff's Office staff continued to send in custody reports to federal immigration

10    authorities" and, when "the Sheriff's Office updated its Policies Manual in

11    December 2023," it did so "without making any of the revisions requested by the

12    AGO." *Id.* ¶ 4.44.

13    Because the State was unable to secure compliance with KWW after years

14    of trying, it was forced to seek redress through the courts. *See generally*

15    Complaint. Defendants improperly removed the case on March 28, 2025, *see*

16    ECF No. 1, and the State has moved for remand because the Court lacks

17    jurisdiction over its single state law claim. *See* ECF No. 4. The State's Motion to

18    Remand is pending.

19    ### III.    ARGUMENT

20    Dismissal under Rule 12(b)(6) is appropriate "only where the complaint

21    lacks a cognizable legal theory or sufficient facts to support a cognizable legal

22    theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir.

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

1    2008). In ruling on a motion to dismiss, courts "accept factual allegations in the

2    complaint as true and construe the pleadings in the light most favorable to the

3    nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

4    1031 (9th Cir. 2008). Thus, dismissal must be denied, "'unless it appears to a

5    certainty that the plaintiff would not be entitled to relief under any set of facts

6    that could be proved.'" *Brower v. County of Inyo*, 884 F.2d 1316, 1318 (9th Cir.

7    1989) (quoting *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986)). Disputes

8    concerning facts alleged in the complaint are not a sufficient basis for dismissal

9    under Rule 12(b)(6). *See id.*

10        The Adams County Sheriff's Office asks to be dismissed as a party because

11   "it lacks the capacity to sue or be sued under Washington law." *See* Mot. to

12   Dismiss at 2. In Washington, courts look to an entity's enabling statute "to

13   determine if a governmental body was intended to be a separate legal entity with

14   the capacity to sue or be sued." *Confederated Tribes & Bands of Yakama Nation*

15   *v. Klickitat County*, No. 1:17-CV-3192-TOR, 2018 WL 8620412, at *3 (E.D.

16   Wash. June 29, 2018) (citing *Foothills Dev. Co. v. Clark Cnty. Bd. of Cnty.*

17   *Comm'rs*, 730 P.2d 1369, 1373 (Wash. Ct. App. 1986)). Thus, it is generally true

18   that the proper defendant in a case alleging misconduct by a county department

19   is the county. *See id.* (citing *Roth v. Drainage Imp. Dist. No. 5 of Clark Cnty.*,

20   392 P.2d 1012, 1013 (Wash. 1964)). That general rule does not apply, however,

21   where, as here, the plaintiff seeks to enjoin conduct that implicates the county

22   department's exercise of authority conferred by the state, and over which the

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

4

1    county has expressly disclaimed supervisory authority. *See id.* at *4; Complaint

2    ¶ 4.40.

3          In *Confederated Tribes*, this Court reasoned that a county department, such

4    as a sheriff's office, is capable of being sued where the department "derives and

5    exerts authority independent from the County." *Confederated Tribes*, 2018 WL

6    8620412, at *4. The Court determined that the Klickitat County Sheriff's Office

7    was a proper defendant for two reasons. First, the conduct at issue—arresting and

8    detaining individuals within Klickitat County—involved the exercise of state

9    authority, not county authority. *See id.* The Court observed that the Washington

10    State Constitution establishes the sheriff as the "locally elected . . . conservator

11    of the peace of the county," with general duties for the office set forth in state

12    law. *See id.* (citing Wash. Const. art. XI, § 5, and Rev. Code Wash. § 36.28.010).

13    Second, Klickitat County "concede[d] that the county sheriff cannot be

14    compelled by the prosecuting attorney or the county" to take or refrain from

15    particular actions in carrying out its law enforcement duties. *Id.* The confluence

16    of those two factors indicated to the Court that the sheriff was exercising

17    "authority independent from the County," such that the equitable relief plaintiffs

18    sought would have been effective only if it was applied directly against the

19    sheriff's office, as a defendant. *See id.* (distinguishing cases where the relief

20    sought was for money damages under 42 U.S.C. § 1983).

21          The same reasoning in *Confederated Tribes* applies here. As in that case,

22    the disputed conduct here implicates a sheriff's office's exercise of its authority

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

5

1    to arrest and detain people, which is authority conferred by the State of

2    Washington, not Adams County. *See* Wash. Const. art. XI, § 5; Rev. Code Wash.

3    § 36.28.010. Furthermore, the State seeks only equitable remedies to curb the

4    Sheriff's Office's abuse of that law enforcement authority, *see* Complaint ¶¶ 6.1-

5    6.4, and alleges that the Adams County Board of Commissioners has expressly

6    disclaimed any "supervisory authority over the operations of the Sheriff's Office

7    or over Sheriff Wagner." *Id.* ¶ 4.40. That allegation, which must be accepted as

8    true, is bolstered by additional allegations underscoring the extent to which

9    Adams County has been unwilling or unable to bring the Adams County Sheriff's

10   Office into compliance with KWW, despite several years and multiple promises

11   to the contrary. *See* Complaint ¶¶ 4.3–4.47. Because the Complaint squarely

12   alleges that "the [Adams County] Sheriff's Office derives and exerts authority

13   independent from [Adams] County" when it engages in the conduct that allegedly

14   violates KWW, it is appropriately named as a defendant in this action. *See*

15   *Confederated Tribes*, 2018 WL 8620412, at *4.

16        The "[d]ecades of Washington jurisprudence" on which Defendants rely

17   does not counsel a different outcome. *See* Mot. to Dismiss at 2. Those cases

18   largely pre-date *Confederated Tribes* and, unlike this action, do not implicate the

19   exercise of state authority by a county department or the confessed inability of

20   the county government to control the operations of a Sheriff's Office. *See id.* at

21   2–3 (citing *Foothills Dev. Co.*, 730 P.2d at 1373; *Nolan v. Snohomish County*,

22   802 P.2d 792, 796 (Wash. Ct. App. 1990); *Tahraoui v. Brown*, 185 Wash. App.

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

6

1051, 2015 WL 563806, at *7 (Wash. Ct. App. 2015), *Assenberg v. County of Whitman*, No. 2:14-CV-0145-TOR, 2015 WL 5178032, at *7 (E.D. Wash. Sept. 4, 2015), and *Richmond v. Spokane Cnty. Sheriff's Off.*, No. 2:21-CV-00129-SMJ, 2021 WL 6202838, at *2 (E.D. Wash. Aug. 9, 2021)).

For instance, in *Foothills Development Co.* and *Nolan*, the Washington State Court of Appeals considered whether a board of commissioners or a county council could be sued. *See Foothills Development Co.*, 730 P.2d at 1369; *Nolan*, 802 P.2d at 792. In both cases, the court held that they could not because the statute creating county legislative bodies clearly provides that they act solely "in the name of the county" to "prosecute and defend all actions for and against the county, and such other powers as are or may be conferred by law." Wash. Rev. Code § 36.32.120(6). In effect, a county legislative body operates only on behalf of, and is indistinguishable from, the county. *See id.* Accordingly, the courts in each case held that a county legislative body is "not a separate entity that has the capacity to be sued," *Foothills Dev. Co.*, 730 P.2d at 1374, and "[n]o purpose would be served by naming both the County and the County [legislative body]" as defendants. *Nolan*, 802 P.2d at 796. The same cannot be said of the Adams County Sheriff's Office, which exercises arrest and detention authority conferred by the state with sufficient independence from Adams County that it may be named as a defendant. *See Confederated Tribes*, 2018 WL 8620412, at *4.

Although cases like *Tahraoui* and *Assenberg* at least involve sheriffs' offices exercising law enforcement authority, they also do not help Defendants

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE ADAMS COUNTY SHERIFF'S OFFICE

7

1    because neither court had occasion to consider the issue presented here: whether

2    a sheriff's office is amenable to suit if the county government expressly disclaims

3    the ability to supervise the very conduct a plaintiff seeks to enjoin. *See Tahraoui*,

4    2015 WL 563806, *8 (noting that plaintiff "advance[d] no argument to dispute

5    the contention that the sheriff's department should be dismissed"); *see also*

6    *Assenberg*, 2015 WL 5178032, at *7 (noting that plaintiffs failed to respond to

7    defendants' argument that defendants, including the sheriff's office, should be

8    dismissed because they cannot be sued). Thus, it is little wonder that, when this

9    issue arose, Judge Rice reached a different outcome. *Compare id.* (Rice, J.)

10   (determining the Whitman County Sheriff's Department could not be sued), *with*

11   *Confederated Tribes*, 2018 WL 8620412, at *4 (Rice, J.) (considering *Foothills*,

12   *Tahroui*, and *Assenberg* and concluding that the Klickitat County Sheriff's Office

13   could be sued given the county's representation that it had "no power" over the

14   Sheriff); *see also id.* (distinguishing *Assenberg* on the ground that it "concerned

15   liability for damages," which is a form of relief the county could fulfill on the

16   sheriff's office's behalf without exercising control over its operations).

17        Finally, *Richmond v. Spokane County Sheriff's Office*—the lone case

18   Defendants cite that post-dates *Confederated Tribes*—is distinguishable because

19   of the nature of the sheriff's office conduct at issue and the nature of the relief

20   sought. In that case, a former employee of the Spokane County Sheriff's Office

21   sought damages for alleged workplace discrimination and wrongful termination.

22   *See Richmond*, 2021 WL 6202838, at *1–2. Like *Tahraoui* and *Assenberg*, the

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

8

1    court in *Richmond* did not consider whether the county was able to exercise

2    sufficient control over the employment operations of the sheriff's office. *See*

3    *generally id.* Even if that argument had been raised, however, the outcome likely

4    would have been the same because the claims at issue concerned the sheriff's

5    office's conduct as an *employer*, which is squarely an exercise of county

6    authority. *See* Rev. Code Wash. § 36.01.010 (authorizing counties "to make such

7    contracts . . . as may be necessary to their corporate or administrative powers").

8    *Richmond*, thus, did not implicate the sheriff's role as "conservator of the peace

9    of the county," which is an exercise of state authority. *See Confederated Tribes*,

10    2018 WL 8620412, at *4. Moreover, the plaintiff sought only money damages,

11    which is a form of relief the county government could have implemented,

12    regardless of its ability to control the sheriff's office's operations. *See id.*

13       Courts in Washington have not adopted a bright line rule that prohibits

14    sheriff's offices from being named as defendants in every lawsuit. True, it will

15    not be appropriate to sue the sheriff's office when the conduct at issue reflects an

16    exercise of purely county authority, over which the county government assumes

17    responsibility to exercise supervision and can, if necessary, ensure compliance

18    with a court order, such as for an award of damages. But where, as here, a suit

19    seeks to enjoin the sheriff's office from unlawfully exercising state authority,

20    over which the county government disclaims any supervisory power, it is proper

21    for the sheriff's office to be named as a defendant. The Adams County Sheriff's

22    Office's motion should accordingly be denied.

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

1

## IV.   CONCLUSION

2      The Court does not need to decide this Motion at all, because the case

3  should first be remanded. Regardless, for the reasons set forth above, the Court

4  should deny the Motion to Dismiss the Adams County Sheriff's Office. A

5  proposed order accompanies this filing.

6      DATED this 24th day of April, 2025.

7                  Respectfully Submitted,

8                  NICHOLAS W. BROWN
                   Attorney General of Washington

9

10      _____
        EMILY C. NELSON, WSBA #48440

11      BENJAMIN SEEL, WSBA #61165
        Assistant Attorneys General

12      Wing Luke Civil Rights Division
        Office of the Attorney General

13      800 Fifth Avenue, Suite 2000
        Seattle, WA 98104

14      206-342-7744
        emily.nelson@atg.wa.gov

15      benjamin.seel@atg.wa.gov

16

17

18

19

20

21

22

PLAINTIFF'S OPPOSITION TO
MOTION TO DISMISS THE
ADAMS COUNTY SHERIFF'S
OFFICE

10

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that the foregoing document was electronically filed with

3    the United States District Court using the CM/ECF system. I further certify that

4    all participants in the case are registered CM/ECF users and that service will be

5    accomplished by the CM/ECF system.

6        DATED this 24th day of April, 2025.

7

8    _____
     LOGAN YOUNG
     Paralegal

9

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFF'S OPPOSITION TO               11          ATTORNEY GENERAL OF WASHINGTON
MOTION TO DISMISS THE                                    Civil Rights Division
ADAMS COUNTY SHERIFF'S                              800 Fifth Avenue, Suite 2000
OFFICE                                                   Seattle, WA  98104
                                                          206-464-7744