1

2

3

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

5

STATE OF WASHINGTON,

6

Plaintiff,

7

No. 2:25-cv-99

8

v.

DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND

9

ADAMS COUNTY SHERIFF'S
OFFICE and ADAMS COUNTY,

10

11

Defendants.

12

13

14

15

16

17

18

19

OPPOSITION TO MOTION TO REMAND

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

**INTRODUCTION**

The State of Washington essentially ignores the reason that Defendants Adams County and Adams County Sheriff's Office removed this case to federal court: A court cannot determine that Defendants violated Washington's law without deciding "whether or not the conduct alleged was required to comply with federal law." Notice of Removal, Doc. 1 ¶ 9. This is not "just another way of raising compliance with federal law as a *defense* to enforcement of state law." Mot. to Remand, Doc. 4 at 10 (emphasis added). As written by the Washington legislature, the Keep Washington Working Act obligates the State to establish that Defendants' actions were not "[r]equired to comply with state or *federal law*." RCW 10.93.160(16) (emphasis added). For example, county officials do not violate the KWW Act by providing identifying information such as "names and dates of birth" to federal immigration authorities, Compl., Doc. 1-2 ¶ 4.38, if federal law requires doing so.

Thus, the State cannot, through artful pleading, avoid (1) raising necessary questions of federal law that are "(2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Opposition to Motion to Remand - 1
*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Fighting against the language of its own law, the State offers no argument about the law's text beyond asserting that the legislature's decision to limit violations to circumstances when officials take actions not required by federal law is nothing more than a "nod[] to federal law." Mot. to Remand at 11. Not so. Regardless of any affirmative federal law preemption defense, the law "do[es] not apply to" Defendants when they are complying with federal immigration law. *In re Kolesnik*, 29 Wash. App. 2d 1037 (Wash. App. 2024) (denying petition for relief based on KWW Act). "The State itself made the decision to incorporate a federal" law noncompliance requirement "into the relevant state law and, thus, took the risk that suits to enforce the law would be removed to federal court." *New York v. Arm or Ally, LLC*, 644 F. Supp. 3d 70, 82 (S.D.N.Y. 2022).

On the other *Gunn* criteria, the State does not contest that federal issues are actually disputed, Mot. to Remand at 13, but brazenly argues that whether federal law requires state and local officials to comply with federal immigration officials' information or interview requests is "insubstantial," *id.*, and cannot be resolved in federal court without Washington courts having "the first opportunity to do so," *id.* at 17. Not so. Washington courts do not get the first opportunity to resolve questions of federal law. This case is no mere "intragovernmental dispute." *Id.* As the United States of America's Statement of Interest makes plain, "Washington's enforcement

Opposition to Motion to Remand - 2

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

of the provisions of KWW at issue here … affects direct regulation of the federal government" and "forces federal immigration officers to engage in difficult and dangerous efforts to rearrest aliens." Statement of Interest, Doc. 5 at 10-11.

Nor will this Court clarifying the disputed federal law issues disrupt the federal-state balance approved by Congress. The State does not identify any purely state law dispute about the meaning of the KWW Act that Washington courts ought to have the "first opportunity" to resolve. Mot. to Remand at 17. Federal court is the proper venue for resolving the weighty federal immigration law issues raised by the State's claim. The Court should deny the State's motion to remand.

## BACKGROUND

"The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." *Arizona v. United States*, 567 U.S. 387, 394 (2012). "Immigration policy can affect trade, investment, tourism, and diplomatic relations for the entire Nation," as an alien in one state or county can easily travel to another. *Id.* at 395. "[C]ooperative efforts" between the Federal government and state and local governments are also "critical to enabling the federal government to identify and remove the hundreds of thousands of individuals who violate immigration laws each year, including many thousands who are convicted of serious crimes." Statement of Interest at 2; *see also Arizona*, 567 U.S. at 411

Opposition to Motion to Remand - 3

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

("Consultation between federal and state officials is an important feature of the immigration system.").

Congress has, therefore, enacted federal laws to enable, protect, and even mandate state and local government cooperation with federal immigration authorities. *See* Statement of Interest at 3-7 (describing federal immigration laws). As relevant here, federal law prohibits states and localities from adopting laws or policies that "prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual." 8 U.S.C. § 1373; *see also id.* § 1644 (similar). Congress "has encouraged the sharing of information about possible immigration violations," *Arizona*, 567 U.S. at 412, by protecting the ability of state and local officials "to communicate with the [Federal] Attorney General regarding the immigration status of any individual, including reporting knowledge that a particular alien is not lawfully present in the United States" and "otherwise to cooperate with the [Federal] Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States," 8 U.S.C. § 1357(g)(10). "The federal scheme thus leaves room for a policy requiring state" or local "officials to contact ICE as a routine matter." *Arizona*, 567 U.S. at 413.

Opposition to Motion to Remand - 4

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

Further, federal immigration authorities are authorized "to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States." 8 U.S.C. § 1357(a)(1); *see* 8 C.F.R. § 287.5.

Additionally, federal criminal law prohibits knowingly or recklessly "conceal[ing], harbor[ing], or shield[ing] from detection" "an alien [who] has come to, entered, or remains in the United States in violation of law," or attempting to do so. 8 U.S.C. § 1324(a)(1)(A)(iii). It is also a crime to aid and abet an alien's violation of our immigration laws or to conspire to do so. *Id.* 1324(a)(l)(A)(v). Still further, it is a federal crime to "conspire to prevent" federal officials from discharging their duties. 18 U.S.C. §§ 371-72. Finally, it is a crime to "engage[] in misleading conduct" to "cause or induce any person to . . . be absent from an official proceeding to which such person has been summoned by legal process" or to "hinder, delay, or prevent" communication of information relating to Federal offenses. *Id.* § 1512(b).

U.S. Attorney General Pamela Bondi has publicly directed the U.S. Department of Justice to prosecute state and local jurisdictions and officials that violate these and other criminal laws, Compl. Ex. E at 2 (citing U.S. Att'y Gen., Sanctuary Jurisdiction Directives (Feb. 5, 2025), https://perma.cc/Q8BH-AHAN). This is no idle threat. Two weeks ago, the United States of America brought criminal charges against a Wisconsin judge for interfering with federal immigration

Opposition to Motion to Remand - 5
*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

enforcement. *See United States v. Dugan*, Criminal Complaint, No. 2:25-mj-397 (E.D. Wis. Apr. 24, 2025). Because of the federal criminal charges, the Wisconsin Supreme Court unanimously relieved the judge of her official duties. *In re Milwaukee Cnty. Cir. Ct.*, Order (Wis. Apr. 29, 2025), https://perma.cc/X4JB-QSM9.

Six years ago, the Washington legislature enacted a sanctuary law that the State refers to as the "Keep Washington Working Act." Compl. ¶ 1.1; *see* Wash. Laws of 2019, ch. 440. Likely hoping to avoid a court ruling that federal law preempted much of the KWW Act, the Washington legislature intentionally chose to limit numerous prohibitions so that they do not apply when state or local officials are required to comply with federal law. *See id.* § 8 ("No section of this act is intended to limit or prohibit any state or local agency or officer from" (1) sending information to federal immigration authorities "in accordance with 8 U.S.C. Sec. 1373," or (2) "[c]omplying with any other state or federal law.").

The text of the law repeatedly reflects this drafting decision. *E.g.*, RCW 10.93.160(4) (allowing sharing of information with federal immigration authorities for civil immigration enforcement when "required by law"); RCW 10.93.160(5) (allowing sharing of "nonpublicly available personal information" when "required by state or federal law"); RCW 10.93.160(6) (allowing federal immigration authorities to interview individuals when "required by state or federal law"); RCW

Opposition to Motion to Remand - 6

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

10.93.160(16) ("Nothing in this section prohibits the collection, use, or disclosure of information that is . . . [r]equired to comply with state or federal law.").

Over five years after the KWW Act's enactment, the State of Washington sued Adams County and the Adams County Sheriff's Office in Spokane County Superior Court to obtain a judgment declaring that Defendants violated the law's provisions. Compl. ¶¶ 5.1-6.4. Throughout its Complaint, the State acknowledges that the KWW Act expressly does not prohibit conduct "required by . . . federal law." *Id.* ¶ 4.23 (information sharing); *id.* ¶ 4.29 (interviews); *see also id.* ¶ 4.26 ("KWW recognizes this requirement of federal law, and accordingly, does not restrict officers from sharing information about 'citizenship or immigration status.'" (quoting RCW 43.17.425; Wash. Laws of 2019, ch. 440 § 8)).

As Washington's law requires the State to prove Defendants' noncompliance with federal law to successfully state its claim against them, Defendants timely removed the case to federal court pursuant to the Court's federal question jurisdiction. Notice of Removal ¶¶ 6-16; *see* 28 U.S.C. §§ 1331, 1441(a), and 1446(a). The State moved to remand the case to the Spokane County Superior Court. Mot. to Remand at 2. Defendants request that the Court deny the State's motion.

**ARGUMENT**

Under the substantial federal question doctrine, "[f]ederal jurisdiction over a

Opposition to Motion to Remand - 7

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1    state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed,

2    (3) substantial, and (4) capable of resolution in federal court without disrupting the

3    federal state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see also Grable*

4    *& Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005). Despite

5    the State's attempts at artful pleading, this case satisfies all four criteria. Even if the

6    Court disagrees, the State is not entitled to an award of fees and costs.

7    **I.      The Complaint Necessarily Raises Disputed Federal Questions.**

8    Because the Washington legislature deliberately chose to "embed[] the issue

9    of" whether Defendants' actions were required by federal law into numerous

10    provisions of the KWW Act, the State cannot state its claim and obtain the relief it

11    seeks without pleading that Defendants actions were inconsistent with federal law.

12    *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 143 (2d Cir. 2021).

13    The Supreme Court has "often held that a case 'arose under' federal law

14    where the vindication of a right under state law necessarily turned on some

15    construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers*

16    *Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983). This "artful pleading doctrine keeps a

17    plaintiff from 'defeat[ing] removal by omitting to plead necessary federal questions

18    in a complaint.'" *State of Cal. ex rel. Lockyer v. Powerez Corp.*, No. S-05-1216, 2006

19

Opposition to Motion to Remand - 8

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1    WL 997717, at *2 (E.D. Cal. Apr. 14, 2006) (alteration in original) (quoting *Franchise*

2    *Tax Bd.*, 463 U.S. at 22), *aff'd*, 274 F. App'x 574 (9th Cir. 2008).

3         A "federal issue is necessarily raised if it is 'basic,' 'necessary,' 'pivotal,'

4    'direct,' or 'essential' to the claim." *Tri-Dam v. Frazier*, No. 22-15246, 2023 WL

5    3193592, at *2 (9th Cir. May 2, 2023) (quoting *Lippitt v. Raymond James Fin. Servs.,*

6    *Inc.*, 340 F.3d 1033, 1045 (9th Cir. 2003)). Even when, as here, a plaintiff "seek[s] a

7    declaration under Washington's Declaratory Judgments Act," federal question

8    jurisdiction exists when "the court would have to interpret" federal law to

9    "determine[e] the scope of" plaintiff's rights or rule on whether a defendant "is

10   violating" federal law. *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179,

11   1186 (9th Cir. 2022); *see also Hornish v. King Cnty.*, 899 F.3d 680, 689-90 (9th Cir.

12   2018) (affirming federal jurisdiction existed to resolve Washington state law claim

13   where resolution of the dispute "turn[ed] on an interpretation of" a federal law).

14        The State's primary argument mistakenly presumes that Defendants removed

15   this case to federal court because they intend to "assert[] federal law as a defense."

16   Mot. to Remand at 7-11. That argument misses the mark. Nowhere in Defendants'

17   Notice of Removal did they assert that the federal question justifying removal is a

18

19

Opposition to Motion to Remand - 9

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1  federal "affirmative defense[]." *Id.* at 11. [1]  Instead, Defendants removed this case

2  because several provisions that the State sued to enforce require the State to prove

3  that Defendants acted beyond the bounds of federal law. Notice of Removal ¶¶ 6-16.

4      *First*, the State cannot prevail on its claim and obtain the declaratory judgment

5  it seeks for Defendants' alleged violation of the information-sharing requirements in

6  RCW 10.93.160(5), *see* Compl. ¶ 5.2.1, and in RCW 10.93.160(4)(b), *see* Compl.

7  ¶ 5.22, when federal law requires Defendants to share such information with federal

8  immigration authorities or otherwise guarantees Defendants' ability to do so. The

9  KWW Act expressly states that these prohibitions extend to information sharing

10  "except as required by state or federal law," RCW 10.93.160(5), or "except as

11  required by" any state or federal "law," RCW 10.93.160(4)(b); *see also In re Kolesnik*,

12  29 Wash. App. 2d 1037 (Wash. App. 2024) (interpreting a similar "except as

13  required by law" clause in the KWW Act to mean that the provision "expressly

14  _____

15     [1] Of course, Defendants reserved the right to assert affirmative defenses, including federal preemption. *E.g.*, Adams Cnty. Answer, Doc. 2 at 23-24. The State's understanding of federal law is so mistaken that, if written into the KWW Act, the law would conflict with a proper understanding of federal law. Other KWW Act provisions such as the prohibition of compliance with ICE detainer requests, RCW 10.93.160(8), conflict with the civil detainer system "expressly authorized by Congress," Statement of Interest at 10. As the State chose to lump into its single cause of action what are effectively seven claims for violations of different KWW Act provisions, Compl. ¶¶ 5.2.1-5.2.7, removal is appropriate if any one of the "logically separate claim[s]" necessarily raises a substantial question of federal law, *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005).

Opposition to Motion to Remand - 10

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

allows" conduct consistent with that clause); Mot. to Remand at 10 (agreeing that the KWW Act "through its text does not compel anyone to violate state or federal law"). That language by itself would suffice for removal. *See Tantaros*, 12 F.4th at 139-41 (ruling exception clauses defining scope of law "necessarily raise[] a substantial federal issue").

The Washington legislature removed any doubt by specifying that "[n]othing in this section prohibits the collection, use, or disclosure of information that is . . . [r]equired to comply with state or federal law." RCW 10.93.160(16); *see also* Compl. ¶ 4.26 ("KWW recognizes this requirement of federal law."). This interpretive requirement is "consistent with the manifest legislative intent to expand" the rights of local officials under the KWW Act. *Bellevue Fire Fighters Loc. 1604 v. City of Bellevue*, 675 P.2d 592, 595 (Wash. 1984) (interpreting "Nothing in this section" language in another Washington law); *see also* Wash. Laws of 2019, ch. 440 § 8 (expressing legislative intent both for federal law in general and 8 U.S.C. § 1373 in particular); *TCAP Corp. v. Gervin*, 185 P.3d 589, 592-93 (Wash. 2008) (similar interpretation of additional "Nothing in this section" provision). Contrary to the State's gloss, this is no "superfluous" or "inelegantly drafted attempt," *City of Bellevue*, 675 P.2d at 595, to merely "nod[] to federal law," Mot. to Remand at 11.

As explained above, numerous provisions of federal law protect local officials'

Opposition to Motion to Remand - 11

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

ability to share information with federal immigration authorities. *See, e.g.*, 8 U.S.C. §§ 1373, 1357(g)(10), and 1644. The parties dispute the meaning of those federal laws. For example, the State's primary complaint regarding information sharing is that Defendants have allegedly shared "in custody list[s]" to federal immigration authorities that contain identifying information such as "names and dates of birth." Compl. ¶ 4.38. The ability of Defendants to share the information the State alleges is in the in-custody lists is "not a mere peripheral issue in the complaint." *Armstead v. Wash. State Dep't of Enter. Servs.*, No. 3:21-cv-5557, 2022 WL 837534, at *3 (W.D. Wash. Mar. 3, 2022), *report and recommendation adopted*, 2022 WL 838447 (W.D. Wash. Mar. 21, 2022); *see* Compl. ¶ 1.5 (alleging that sharing birth dates and other information in the lists "violates state law"); *id.* ¶ 4.34 (similar); Compl. Ex. A at 2 (similar); Compl. Ex. B at 1 (complaining "[i]n particular" about in-custody lists).

Federal law expressly protects the ability of local officials to send federal immigration authorities "information regarding the citizenship or immigration status, lawful or unlawful of any individual." 8 U.S.C. § 1373(a). At a minimum, "the phrase 'information regarding' . . . serves a purpose" that allows the sharing of basic identifying information such as name and birth date. *United States v. California*, 314 F. Supp. 3d 1077, 1104 (E.D. Cal. 2018), *aff'd in part, rev'd in part and remanded*, 921 F.3d 865 (9th Cir. 2019); *see also* Statement of Interest at 22-24 (explaining the

OPPOSITION TO MOTION TO REMAND - 12

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

meaning of 8 U.S.C. § 1373). None of the cases the State cites regarding 8 U.S.C. § 1373 goes as far as the State does in claiming that local officials cannot even share aliens' names and birth dates with federal immigration authorities. *See* Mot. to Remand at 16-17.

Besides, Defendants dispute the correctness of those Ninth Circuit decisions, and they intend to raise that dispute at an appropriate stage of the litigation. That is all that is required for an issue to be actually disputed. *Arm or Ally, LLC*, 644 F. Supp. 3d at 80 ("[T]hat Defendants may not ultimately prevail does not mean the issue is not 'actually disputed.'").

*Second*, the State cannot prevail on its claim and obtain the declaratory judgment it seeks for Defendants' alleged violation of the interview restrictions in RCW 10.93.160(6), *see* Compl. ¶¶ 5.2.3-5.2.5, when federal law requires Defendants to allow federal immigration authorities to interview aliens or suspected aliens. The KWW Act again expressly states that the interview prohibition extends "except as required by state or federal law." RCW 10.93.160(6)(a). Federal law expressly grants federal immigration authorities the right "to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States," 8 U.S.C. § 1357(a)(1), regardless of whether federal or local officials comply with the permission requirements the State inserted in RCW 10.93.160(6)(b). The State

Opposition to Motion to Remand - 13

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

concedes that, at least for the interview provision, "KWW aligns with federal law." Mot. to Remand at 5, so the pivotal dispute again turns on federal law.

*Third*, the State cannot prevail on its claim that Defendants have "fail[ed] to adopt policies that comply with KWW," *id.* at 13; *see* Compl. ¶ 5.2.7, if the State's understanding of those disputed federal issues of federal law is incorrect. The KWW Act expressly requires the publication of policies "consistent with federal and state laws." RCW 43.10.315. The State has no claim for Defendants violating this provision if it is the State itself that is pushing policies inconsistent with federal law.

The State repeatedly "premised" its claim on the supposed "failure by" Defendants to act within the requirements of federal law. *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314-15. The meaning of federal law "is thus an essential element of" the State's claim and "is actually in dispute." *Id.* at 315.

The State's remaining arguments to the contrary fail to grapple with how the Washington legislature "chose to exercise its authority to regulate in this area by piggybacking on federal law." *Arm or Ally, LLC*, 644 F. Supp. 3d at 83. The KWW Act expressly and "conspicuously refers not only to 'State' statutes . . . , but also to 'Federal' ones," without limitation. *Id.* This is not a mere "attenuated connection" lurking in the background. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1091 (9th Cir. 2002); *see also Negrete v. City of Oakland*, 46 F.4th 811, 818 (9th Cir. 2022)

Opposition to Motion to Remand - 14
*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

(declining to find federal jurisdiction because the only supposed federal question was a "collateral impact on a federal decree"). Nor did the Washington legislature choose to limit the KWW Act's "federal law" language to require a showing of noncompliance only with specifically "mention[ed]" federal laws. Mot. to Remand at 10. And this case is the flipside of *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178 (4th Cir. 2022). There, plaintiffs could plead a violation of Maryland tort law by showing that a defendant violated any federal law *or* any state law. *Id.* at 211 ("Without resorting to any federal law, Plaintiffs can also utilize a state law or regulation."). Here, in contrast, the State cannot establish its claim if any federal or state law required Defendants' conduct.

## II.    The Disputed Questions of Federal Law Are Substantial.

Defendants agree that the substantiality of the federal questions turns not on "the importance of the question to the parties alone but rather" turns on "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260-61. But the disputed issues of federal immigration law clearly "implicate[] the federal government's strong interest in national regulation, and thus the" issues are substantial. *Sauk-Suiattle Indian Tribe*, 56 F.4th at 1185 (finding that federal issue related to a single FERC-licensed dam in Washington was substantial). Whether federal law requires states to allow willing local officials to share even basic

OPPOSITION TO MOTION TO REMAND - 15

*WASHINGTON V. ADAMS COUNTY*, No. 2:25-CV-99 (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

identifying information with federal immigration authorities or prohibits states from requiring local officials to interfere with federal immigration authorities' attempts to interview aliens and suspected aliens are of course issues of nationwide importance beyond Washington.

The United States of America agrees that the State's attempt to enforce the KWW Act "interferes with the federal government's enforcement of federal immigration law" and "strikes at the heart of this cooperative scheme" established by Congress. Statement of Interest at 3; *see Arm or Ally, LLC*, 644 F. Supp. 3d at 80 ("Any doubt" about whether the questions are substantial was "resolved by the fact that the United States filed a Statement of Interest in a parallel case."). The Federal "Government thus has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Gunn*, 545 U.S. at 315.

The case has drawn the attention of both Congress and the national press. Following the State's initiation of this case, a subcommittee of the U.S. House Judiciary Committee held a hearing on the issue of sanctuary jurisdictions and invited both Adams County Sheriff Dale Wagner and Washington Attorney General Nick Brown to testify. *See* U.S. House Judiciary Committee, *Sanctuary Jurisdictions: Magnet for Migrants, Cover for Criminals* (Apr. 9, 2025), https://bit.ly/4lVyCBw; U.S. House Judiciary Committee, *Letter to Hon. Nick Brown* (Mar. 31, 2025),

Opposition to Motion to Remand - 16

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1   https://perma.cc/X74Z-JUMB. The *New York Times* interviewed both Sheriff

2   Wagner and General Brown about the case and featured the article on its front page.

3   Jazmine Ulloa, *Sheriff at Odds with State's Immigration Law*, N.Y. TIMES (Apr. 9,

4   2025), at A1, *available at* https://perma.cc/2E3V-YV7C.

5       The nationwide attention on this case is understandable because the State's

6   attempt to have a court declare that the KWW Act prohibits Defendants' actions

7   notwithstanding the federal laws discussed above will have far more sweeping

8   ramifications for the Nation and the federal government's administration of federal

9   immigration law than a single state quiet title action had for the Internal Revenue

10  Service, *Grable & Sons*, 545 U.S. at 314 (finding issue substantial), a single state bond

11  dispute had for holders of federal securities, *Smith v. Kansas City Title & Trust Co.*,

12  255 U.S. 180, 201-02 (1921) (same), or a single 100-foot-wide trail easement had for

13  the national trails system, *Hornish*, 899 F.3d at 690-91 (same).

14      The disputed federal immigration law issues are not "backward-looking."

15  *Gunn*, 568 U.S. at 261. They will have "real-world result[s]," *id.*, for federal statutes

16  that government officials regularly apply nationwide. *See Indep. Living Ctr. of S. Cal.,*

17  *Inc. v. Kent*, 909 F.3d 272, 279 (9th Cir. 2018) (substantial issue "[g]iven the

18  ubiquitous reliance on Medicaid funding nationwide"). This case is not at all

19  comparable to a dispute that indirectly implicated the Organic Act of Guam, which

OPPOSITION TO MOTION TO REMAND - 17

*WASHINGTON v. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

of course applies only to Guam. Mot. to Remand at 14 (citing *Republican Party of Guam*, 277 F.3d at 1090). Nor is this case comparable to ERISA, where Congress intentionally chose to limit the "grant of federal jurisdiction . . . to suits brought by certain parties." *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 21. The disputed issues about information sharing and interviews are substantial and, contrary to the State's assertions, have not "already been rejected by the Ninth Circuit." Mot. to Remand at 16-17 (not citing any case allowing local officials to thwart federal immigration authorities from interviewing aliens or from obtaining even basic identifying information about aliens).

### III.    Exercising Jurisdiction Will Not Disrupt Federal-State Balance.

This Court exercising jurisdiction will not disrupt the federal-state balance established by Congress because the disputed questions regard federal immigration laws that Congress designed to prevent this sort of state interference with federal immigration enforcement. *See New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 316 (2d Cir. 2016) ("Absent a special state interest in a category of litigation, or an express congressional preference to avoid federal adjudication, federal questions that implicate substantial federal interests will often be appropriately resolved in federal rather than state court.").

OPPOSITION TO MOTION TO REMAND - 18
*WASHINGTON V. ADAMS COUNTY*, NO. 2:25-CV-99 (E.D. WASH.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

This case is not a mere "intragovernmental dispute regarding application of state law." Mot. to Remand at 17. The United States has already filed a Statement of Interest to explain how the State's enforcement of the KWW Act interferes with federal immigration enforcement. And the State does not identify any state law issue that Washington courts need to pass on first. *Id.* Whether Defendants are complying with federal law is a federal issue that belongs in federal court. *See Sauk-Suiattle Indian Tribe*, 56 F.4th at 1185-86; *Indep. Living Ctr. of S. Cal.*, 909 F.3d at 279.

The number of such suits is not "overwhelming." *Armstead*, No. 3:21-cv-5557, 2022 WL 837534, at *3 (finding federal question jurisdiction). While this case is apparently the first instance in the Nation of a state suing a county to prevent county officials from cooperating with federal immigration authorities, the only incident in the Complaint involving specifically identified individuals is already the subject of a separate suit in this Court. Compl. ¶¶ 4.37-4.39 & n.24 (citing *Rangel-Sambrano v. Adams Cnty. Sheriff's Off.*, No. 2:25-cv-3 (E.D. Wash. 2025)). And the threat of federal criminal enforcement is all the more reason for a federal court to decide what Defendants' obligations are under federal law.

### IV.   The Court Should Not Award the State Fees and Costs.

Even if the Court rules that the State has the better of the arguments on whether to remand, the Court should not award fees and costs. Such an award is not

mandatory under 28 U.S.C. § 1447(c). "[W]hen an objectively reasonable basis

exists" to argue for removal, even if such an argument does not prevail, "fees should

be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendants' arguments for removal are "not specious or

unreasonable." *Carrillo v. Standard Fire Ins. Co.*, No. 3:23-cv-5583, 2023 WL

5577972, at *4 (W.D. Wash. Aug. 29, 2023) (denying fees). The State makes no more

than a conclusory argument that "[t]here is substantial, controlling precedent

foreclosing Defendants' asserted bases for federal question jurisdiction." Mot. to

Remand at 18. The State does not identify what that precedent is. *Contra Caskey v.

Shriners Hosps. for Children*, No. 2:1-cv-169, 2016 WL 4367250, at *4-5 (E.D. Wash.

Aug. 15, 2016) (identifying "clear precedent" for Title VII removal argument and

"clearly" applicable precedent for argument about HIPAA reference in complaint).

Indeed, as this is apparently the first time the State of Washington or any other

state has attempted to enforce a sanctuary law against one of its counties, there is no

precedent clearly prohibiting Defendants from removing the case to federal court.

The reason that no State has previously attempted to enforce such a law against one

of its counties is precisely because federal law protects the sort of cooperation that

the State alleges here. *Cf.* Mot. to Remand at 4 n.1 (identifying numerous counties

and cities cooperating with federal immigration authorities, none of which the State

Opposition to Motion to Remand - 20

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

has sought to enforce the KWW Act against). The State is simply trying to pick on one of its smaller, rural counties for longstanding conduct that is legal under federal law. This case belongs in federal court.

## CONCLUSION

This Court should deny the State's motion to remand.

Ard Law Group PLLC

By: _____

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

Opposition to Motion to Remand - 21

*Washington v. Adams County*, No. 2:25-cv-99 (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1
## CERTIFICATE OF SERVICE

2      I hereby certify that on May 5, 2025, I electronically served the foregoing

3   Response in *WASHINGTON V. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. Wash.)

4   via email pursuant to prior consent of the parties.

5

6                           ARD LAW GROUP PLLC

7

8

9           By: _____

10                          Joel B. Ard, WSBA # 40104
                            ARD LAW GROUP PLLC
11                          P.O. Box 281
                            Kingston, WA 98346
12                          206.701.9243
13                          Joel@Ard.law
                            Attorneys for Defendants
14

15

16

17

18

19

20

21

22

23

CERTIFICATE OF SERVICE

*WASHINGTON V. ADAMS COUNTY*, No. 2:25-cv-99 (E.D. Wash.)

ARD LAW GROUP PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243