IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| STATE OF WASHINGTON, | |
|---|---|
| *Plaintiff,* | No. 2:25-cv-00099-RLP |
| v. | REPLY IN SUPPORT OF MOTION TO DISMISS ADAMS COUNTY SHERIFF'S OFFICE |
| ADAMS COUNTY SHERIFF'S OFFICE and ADAMS COUNTY, | June 10, 2025<br>With oral argument:<br>2:00 p.m., Spokane |
| *Defendants.* | |

Washington law, as uniformly applied by Washington courts, does not allow a lawsuit against a county sheriff. Period, full stop. No Washington court has ever allowed a claim against a sheriff's office, but only against the county itself. Rather than ask the legislature to amend RCW 36.28.010 during the recent legislative session, the Attorney General asks this Court to disregard decades of uniform, consistent decisions of Washington appellate courts in order to maintain a claim the State has no state statutory authority to bring. This Court must decline the invitation to disregard binding state law and instead dismiss the Adams County Sheriff's Office.

REPLY ISO MOTION TO DISMISS - 1

*WASHINGTON V. ADAMS COUNTY*, NO. 2:25-cv-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

## I. ARGUMENT.

The Motion showed that "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (Wash. App. Div. 1, 1990). It showed that the prohibition against suing sub-offices within a county extends to the sheriff's office. The very statute cited here as the basis for the State naming the Adams County Sheriff's office does not permit it to be named, because "nothing in the statute demonstrates that the legislature intended to create the Pierce County Sheriff's Department as a legal entity, separate and distinct from the county itself, with the capacity to sue and be sued." *Tahraoui v. Brown*, 2015 WL 563806, at *7 (Wash. App. Div. 2, 2015). The Motion also showed that this Court has routinely applied this Washington law.

In response, the state points to a single, unreported case from this court: *Confederated Tribes & Bands of Yakama Nation v. Klickitat County*, No. 1:17-CV-3192-TOR, 2018 WL 8620412 (E.D. Wash. June 29, 2018). In that order on a preliminary motion in a treaty dispute between the Yakima Nation and Klickitat County, the Court maintained the Sheriff's Office as a defendant for the stated purpose of later being able to impose an injunction over that office, although recognizing that its holding ran contrary to earlier state and federal authority. Eventually, the error was mooted when the Court declined to issue any injunction at all in its final decision, instead only declaring the borders of the Yakima Reservation. *See Confederated Tribes and Bands of Yakama Nation v. Klickitat Cnty.*, 2019 WL 12378995, at *17 (E.D. Wash. 2019).

REPLY ISO MOTION TO DISMISS - 2

WASHINGTON V. ADAMS COUNTY, No. 2:25-CV-00099-RLP (E.D. WASH.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

The State attempts to spin quite a lot of gold from this handful of straw. How does it characterize a single outlier decision of a federal court, contradicting **all** Washington state court jurisprudence? It says that "Courts in Washington have not adopted a bright line rule that prohibits sheriff's offices from being named as defendants in every lawsuit." Opp. at 9:13-14. *Washington* courts certainly have adopted that exact bright-line rule. State courts, interpreting and applying state law, have never allowed a suit against a sheriff's office. True, this court is a "court in Washington," but its decision ignoring the binding rule of state law on a single occasion was mooted before the final decision in that case, when the court declined to issue the injunction for which it had elected to maintain the Sheriff's Office as a defendant.

The State seeks reliance on the outlier of *Confederated Tribes* on the theory that a Complaint properly names a sheriff's office when it seeks to enjoin law enforcement activities, because the sheriff enforces state law. It also suggests that *Confederated Tribes* represents the current state of the law because the original Motion only cited one case post-dating *Confederated Tribes*, a case seeking money damages. But *Confederated Tribes* remains an unique outlier, unsupported by any state court decision or even any subsequent decisions of federal courts in Washington.

First, the State does not cite **any** state court decision allowing a claim against a sheriff's office, and state law determines the propriety of a suit of this state-law created defendant. Second, federal court decisions subsequent to *Confederated Tribes* apply state law to dismiss sheriff's offices, even in suits seeking injunctions. In

Reply iso Motion to Dismiss - 3

Washington v. Adams County, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

*Hordon v. Kitsap Cnty. Sheriff's Office*, 2020 WL 3266213 (W.D. Wash. 2020), the plaintiff sought an injunction against the Kitsap County Sheriff's Office, asking the federal court to enjoin that Office's enforcement of RCW 9A.52.070 and RCW 9A.52.080 against him. The Court granted the motion to dismiss the sheriff's office. "In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Hordon v. Kitsap Cnty. Sheriff's Office*, 2020 WL 4286769, at *2 (W.D. Wash. 2020) (quoting *Dunkle v. Kitsap Cty. Sherriffs Office Jail*, C14-5642 RBL-KLS, 2014 WL 5334275, at *1 (W.D. Wash. Oct. 20, 2014)).

This Court more recently cited *Dunkle* in support of dismissing a sheriff's office, in *Orozco v. Yakima Sheriff's Office*, 2024 WL 1337174 (E.D. Wash. 2024): "Plaintiff has not pointed to any Washington statute indicating that the Washington legislature intended county sheriff's offices to be a separate legal entity from the county itself. Under Washington law, sovereign immunity is waived for all 'local governmental entities.' RCW 4.96.010. This term is narrowly defined to include 'a county, city, town, special district, municipal corporation ... quasi-municipal corporation, or public hospital.' RCW 4.96.010(2)." *Id.* at *4. On that basis, the court dismissed the sheriff's office.

Only one case applying RCW 36.01.010 has seen a court maintained a sheriff's office as a proper defendant. This court did so for stated purpose of imposing an injunction which it later elected not to impose. Notably, it ultimately determined that by simply declaring the law—the borders of the Yakima Reservation—it could be

Reply iso Motion to Dismiss - 4

Washington v. Adams County, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

confident that the county, county sheriff, and the county prosecutor would all comply with its ruling. Its final ruling demonstrated that it had not earlier needed to contradict the otherwise uniform rule of state and federal courts, because *of course* the county officials will all comply with court orders defining the scope of disputed state and federal law.

## II. Conclusion.

No state court in Washington has ever allowed a suit against a sheriff's office. Such a suit must proceed against the county itself. The State, which is supposed to enforce state law, asks this Court to apply a contrary rule, used a single time in a case about the boundaries of the Yakima Reservation. Although the court in that case suggested it might need to issue an injunction against the Klickitat County Sheriff's Office, it ultimately declined to do so. This Court should follow state law as construed by both state and federal courts and dismiss the Adams County Sheriff's Office, which is not subject to suit under state law.

///
///
///
///
///
///
///
///
///

Reply iso Motion to Dismiss - 5

Washington v. Adams County, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC

P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

1 | May 5, 2025.

Ard Law Group PLLC

By: _____

Joel B. Ard, WSBA # 40104
Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

Reply iso Motion to Dismiss

Washington v. Adams County, No. 2:25-cv-00099-RLP (E.D. Wash.)

Ard Law Group PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243

# CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I electronically filed the foregoing REPLY IN SUPPORT OF MOTION TO DISMISS in *WASHINGTON V. ADAMS COUNTY*, No. 2:25-cv-00099-RLP (E.D. Wash.) with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

ARD LAW GROUP PLLC

By: /s/ Joel B. Ard

Joel B. Ard, WSBA # 40104
ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
206.701.9243
Joel@Ard.law
Attorneys for Defendants

CERTIFICATE OF SERVICE

WASHINGTON V. ADAMS COUNTY, No. 2:25-cv-00099-RLP (E.D. Wash.)

ARD LAW GROUP PLLC
P.O. Box 281
Kingston, WA 98346
Phone: (206) 701-9243