NICHOLAS W. BROWN
Attorney General
EMILY C. NELSON
BENJAMIN SEEL
Assistant Attorneys General
Attorney General of Washington
Wing Luke Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADAMS COUNTY SHERIFF'S OFFICE, ADAMS COUNTY<br><br>                    Defendants. | NO. 2:25-cv-00099-RLP<br><br>STATE OF WASHINGTON'S REPLY IN SUPPORT OF MOTION TO REMAND<br><br>JUNE 10, 2025<br>With oral argument:<br>2:00 p.m., Spokane |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

ATTORNEY GENERAL OF WASHINGTON
CIVIL RIGHTS DIVISION
800 FIFTH AVENUE, SUITE 2000
SEATTLE, WA 98104
(206) 464-7744

## I. INTRODUCTION

Adams County and the Adams County Sheriff's Office do not distinguish the mountain of controlling precedent that forecloses their attempt to invoke substantial federal question jurisdiction, choosing instead to devote most of their opposition brief to arguing that any alleged Keep Washington Working Act (KWW) violation necessarily begs the question of whether federal law compelled their conduct at issue, even to the point of entirely preempting KWW. But in doing this, Defendants prove the State's point: the only federal questions that will arise in this case are Defendants' seven affirmative federal defenses that they seem eager to litigate, which do not confer federal jurisdiction. Defendants try to skirt this bedrock rule by arguing that, to prevail on its KWW claim, the State must also prove, *as an element of its affirmative case*, that Defendants "acted beyond the bounds of federal law." This is flat wrong.

Under Washington law, Defendants—not the State—will bear the burden of proving that KWW's exceptions immunize their conduct. Federal law is no more an element of the State's prima facie case here than it was in the numerous cases in which the Supreme Court and the Ninth Circuit rejected similar attempts to manufacture a substantial federal question. Defendants' reliance on highly distinguishable precedent, a Statement of Interest filed by the United States that exclusively discusses federal defenses, and media attention surrounding this case underscores their lack of any reasonable basis for removal. The Court should remand this case and award the State its attorney fees and costs.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

## II. ARGUMENT

### A. The State's Action Does Not Create a Substantial Federal Question

Nothing in KWW obligates the State to affirmatively prove that Defendants are in "noncompliance with federal law," or that KWW's exceptions do not apply to Defendants' conduct. *Cf.* Opp. at 7. Unless raised as an affirmative defense by Defendants, federal law will play no role in this case. Defendants may defend against the State's claims in many ways, including by show the complained-of conduct did not occur as the State pled it.[1] Cases like the present matter, that are "fact-bound and situation-specific," generally will not support federal question jurisdiction. *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). And, despite Defendants' framing, the United States' Statement of Interest does not "warrant turning" the State's KWW state-court action against a single county "into a discrete and costly federal case." *Id.* (cleaned up). Defendants do not come close to meeting their burden to establish that removing the State's lawsuit was proper.

#### 1. Defendants' compliance with other state or federal Laws is not an essential element of the state's claims

Defendants stumble out of the gate by claiming that several provisions of KWW require the State to prove, in its case-in-chief, "that Defendants acted beyond the bounds of federal law," such that the State's Complaint necessarily

---

[1] Indeed, Defendants deny engaging in most of the conduct the State alleges violates KWW. *See* ECF No. 2 ¶¶ 4.34, 4.37–39.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

raises a federal issue. ECF No. 8 at 9–10. KWW does nothing of the sort; it simply acknowledges, as many state laws do, that its prohibitions do not extend to conduct required by superseding laws, state or federal. *See* ECF No. 4 at 10–11. In fact, Defendants' proposed mode of analysis is the exact opposite of how Washington courts and the Supreme Court construe statutory exceptions to coverage.

### a. The State has not alleged Defendants violated federal law

The State has not "premised its claim on the supposed failure by Defendants to act within the requirements of federal law." ECF No. 8 at 14 (cleaned up). The State has only pled violations of state law, *see generally* ECF No. 1-2, which readily distinguishes this case from cases Defendants rely on that either involved affirmative claims of federal violations or turned on a federal statutory right. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1186 (9th Cir. 2022) (Tribe alleged direct violations of a federal statute and U.S. Constitution); *Indep. Living Ctr. of S. Cal., Inc. v. Kent*, 909 F.3d 272, 279 (9th Cir. 2018) (health care organizations claimed California law was preempted by Medicaid Act); *Tri-Dam v. Frazier*, No. 22-15246, 2023 WL 3193592, at *2 (9th Cir. May 2, 2023) (dam operator alleged defendant's conduct violated dam's FERC license); *Armstead v. Wash. State Dep't of Enter. Servs.*, No. 3:21-CV-05557, 2022 WL 837534, at *3 (W.D. Wash. Mar. 3, 2022) (inmate's conversion claim alleged that Department of Corrections' deduction of federal funds violated CARES act); *New York v. Arm or Ally, LLC*, 644 F. Supp. 3d 70, 79 (S.D.N.Y.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
206-464-7744

2022) (state alleged violations of state and federal law in action to enforce prohibition on "ghost guns"); *see also Hornish v. King County*, 899 F.3d 680, 689–90 (9th Cir. 2018) (quiet title action turned on scope of County's rights under federal Trails Act); *State of Cal. ex rel. Lockyer v. Powerex Corp.*, No. S-05-01216, 2006 WL 997717, at *2 (E.D. Cal. Apr. 14, 2006) (state anti-trust action required establishing hypothetical reasonable energy rate, a determination only FERC can make).

Here, whether Defendants "acted beyond the bounds of federal law" will have no bearing on the State's ability to prove its prima facie case because KWW compliance does not turn on that question.[2] Rather, it turns on whether Defendants shared nonpublic, personal information and otherwise assisted in civil immigration enforcement as alleged by the State, and whether KWW prohibits said conduct.

Defendants also cherry-pick language from three Washington cases to argue that the State's claim raises a federal question because KWW clarifies that "nothing in" its text prohibits conduct that is compelled by otherwise applicable state or federal laws. *See* ECF No. 8 at 10–11. These cases are inapposite. *See*

---

[2] It is difficult to understand what Defendants consider to be "beyond the bounds of federal law" given that they "dispute the correctness" of controlling Ninth Circuit precedent that has already addressed many of the issues they now wish to relitigate. *See* ECF No. 8 at 12–13.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

*Bellevue Fire Fighters Loc. 1604 v. City of Bellevue*, 675 P.2d 592, 595 (Wash. 1984) (state law preempted local ordinance prohibiting city employees from participating in nonpartisan elections because "nothing in" the state statute prevented city employees from doing so); *TCAP Corp. v. Gervin*, 185 P.3d 589, 592–93 (Wash. 2008) ("nothing in" Washington's foreign judgments statute could extend validity of a domesticated judgment in Washington beyond the expiration of the underlying foreign judgment); *see also Matter of Pers. Restraint of Kolesnik*, No. 85911-1-I, 2024 WL 419819, at *3 (Wash. Ct. App., Feb. 5, 2024) (unpublished) (denying inmate's challenge to his custody classification under KWW based on ICE detainer, because Department of Corrections successfully showed eligibility for a statutory KWW exemption).

### b. Under Washington law, Defendants bear the burden of proving that KWW does not apply to their conduct

KWW's general exceptions for conduct that is otherwise required by state or federal law does not place the burden upon the State to prove that none of those exceptions apply. Rather, federal courts have held the exact opposite: that the party claiming "the benefits of an exception to the prohibition of a statute" carries the burden of proof. *See Cunningham v. Cornell Univ.*, 145 S. Ct. 1020, 1027 (2025) (defendants had to prove ERISA exemptions applied to them); *United States v. First City Nat. Bank of Houston*, 386 U.S. 361, 366 (1967) (banks had to prove their anticompetitive merger fell within exception to Clayton Act); *N. California River Watch v. City of Healdsburg*, 496 F.3d 993, 1001 (9th Cir. 2007)

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

(city had to prove Clean Water Act exemption applied to city's wastewater discharge); *Rheem Mfg. Co. v. Rheem*, 295 F.2d 473, 475 (9th Cir. 1961) (party asserting good faith exemption to insider trading liability statute had "the burden of bringing himself clearly within it" and "the burden of proving every fact essential to the invocation of the exemption.").

Defendants rely on *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 143 (2d Cir. 2021), which does not help them. In that case, the Second Circuit held that a private litigant's declaratory judgment action to end the mandatory arbitration of her sexual harassment state court claims raised a substantial federal question. The New York statute under which the plaintiff brought her claim invalidated mandatory arbitration clauses as to all employment discrimination claims and contained a prefatory qualification that the statute applied "[e]xcept where inconsistent with federal law[.]" *Id.* at 139. Based on that language, and after looking extensively to New York state appellate decisions, the Second Circuit determined that the plaintiff's cause of action turned on whether the Federal Arbitration Act preempted the law because "under New York law," "[a]n exception is the plaintiff's burden to plead." *Id.* at 143–44.

This is the exact opposite of Washington's general rule for statutory exceptions, which is the law that this Court must apply in construing KWW. *See Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 998 (9th Cir. 2017). In Washington, statutory exceptions are narrowly construed, and the party claiming the exception has the burden of proving it applies to them. *See R.D. Merrill Co.*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

*v. State, Pollution Control Hearings Bd.*, 969 P.2d 458, 470 (1999) (cross country ski resort bore burden to prove exception to relinquishment of their water right); *Hall v. Corp. of Cath. Archbishop of Seattle*, 498 P.2d 844, 847 (1972) (Catholic Archbishop had burden to prove exception to Seattle building code applied to church's stairs); *Nat'l Elec. Contractors Ass'n, Cascade Chapter v. Riveland*, 978 P.2d 481, 485 (1999) (Department of Corrections had burden to prove it was exempt from state electrical licensing requirements). There is no basis for this Court to set Washington law aside and apply New York law, as Defendants urge.

Defendants' compliance with other state or federal laws will become an issue that the State will address in rebuttal if Defendants argue that state or federal law exempts their otherwise unlawful conduct. As such, Defendants cannot show that their claimed exception to KWW based on federal law constitutes an "essential element" of the State's claim.

**2. Any federal issues that may arise in this case are not substantial**

Defendants also fail to show that, to the extent they are implicated at all, the federal issues that may arise in this matter are "substantial." Contrary to Defendants' argument, *Tantaros* did not announce a brightline rule that the presence of the words "except as required by law" in a statute "by itself would suffice for removal." ECF No. 8 at 10. Quite the opposite, in fact. Last year, the Second Circuit clarified that a state law claim does not satisfy the substantiality requirement just because it "adverts in any part to a proposition of federal law[.]" *Sunvestment Energy Grp. NY 64 LLC v. Nat'l Grid USA Servs. Co.*, 116 F.4th

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

106, 117 (2d Cir. 2024) (internal citation omitted). *Tantaros* raised a substantial federal question because it presented "a purely legal question concerning the preemptive effect of a federal statute." *Id.* The Court reaffirmed that claims "turn[ing] on a mixed question of federal law and facts"—as the State's lawsuit against Defendants may, depending on what affirmative defenses they rely on— "do not raise substantial issues of federal law." *Id.* at 116 (quoting *Empire Healthchoice Assurance*, 547 U.S. at 700-01). Washington's courts are more than capable of ruling on the merits of the State's claims and the Defendants' defenses and rendering a decision about one county's compliance with KWW, a Washington-specific law that raises no federal issues. *See* ECF No. 4 at 15–16.

Defendants attempt to manufacture a broader impact, arguing that the State's claims "will have real world results for federal statutes that government officials regularly apply nationwide." ECF No. 8 at 17 (cleaned up). But Defendants do not explain how a Washington court's decision on a set of uniquely state-law claims could possibly affect the federal government's enforcement of immigration law "nationwide." Instead, Defendants trot out the same tired argument that state laws like KWW are preempted by federal law because they "interfere with the federal government's enforcement of immigration law," ECF No. 8 at 16, which multiple courts have rejected. *See United States v. California*, 921 F.3d 865, 889 (9th Cir. 2019), *cert. denied* 141 S. Ct. 124 (2020); *McHenry County v. Kwame Raoul*, 44 F.4th 581, 591 (7th Cir. 2022) (upholding Illinois law limiting local jurisdictions' cooperation with

immigration officials); *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 177 (5th Cir. 2018) (upholding Texas law prohibiting local jurisdictions from limiting their cooperation with immigration authorities). And the Supreme Court declined to invalidate an Arizona law authorizing local law enforcement to conduct immigration-based stops because, like KWW, Arizona's state courts had yet to provide "a definitive interpretation" of the law, such that it would have been "inappropriate to assume [the law] will be construed in a way that creates a conflict with federal law." *Arizona v. United States*, 567 U.S. 387, 415 (2012).

The only evidence of national impact Defendants rely on is the United States' Statement of Interest (which takes no position on the removal of this case), *see* ECF No. 5 at 3, and "the attention of both Congress and the national press," neither of which are determinative of substantial federal question jurisdiction. ECF No. 8 at 16. And contrary to Defendants' assertions, the United States' expressed interest does not, in and of itself, establish that an issue is "substantial." *See Empire Healthchoice Assurance, Inc.*, 547 U.S. at 701 (recognizing the United States Government's "overwhelming interest" in federal workers' benefits generally but nevertheless declining to find federal jurisdiction where doing so would turn "state-court-initiated tort litigation" about one claimant's medical bills into a "costly federal case").

B.   **The Court Should Award the State Its Attorney Fees and Costs**

Defendants claim that the State "does not identify" the substantial, controlling precedent that clearly forecloses removal. That statement ignores the

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

several cases the State cited in support of its argument that the well-pleaded complaint rule barred removal, *see* ECF No. 4 at 7–9 (citing eight cases), and the State's in-depth analysis of *Gunn v. Minton*, 568 U.S. 251, 258 (2013), *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing.*, 545 U.S. 308, 314 (2005), and its progeny, such as *Negrete v. Oakland*, 46 F.4th 811, 817 (9th Cir. 2022), which alone could be the basis for this Court to grant the State's motion. *Id.* at 14–16. And, the State cited a directly-on-point case in which this Court awarded attorney fees and costs for the unreasonable removal of a lawsuit by a defendant who, like the Defendants in this matter, improperly relied on a plaintiff's discussion of federal law in its complaint as a basis for federal question jurisdiction. *See id.* at 18 (citing *Caskey v. Shriners Hosps. for Child.*, No. 2:16-CV-00169-SAB, 2016 WL 4367250, at *4–5 (E.D. Wash. Aug. 15, 2016)). Defendants lacked an objectively reasonable basis for removal, the State should be awarded its fees and costs in seeking remand.

### III.  CONCLUSION

For the foregoing reasons, the Court should remand and award the State attorney fees and costs under 28 U.S.C. § 1447(c).

DATED this 19th day of May, 2025

Respectfully Submitted,

NICHOLAS W. BROWN
Attorney General of Washington

/s/ 
EMILY C. NELSON, WSBA #48440
BENJAMIN SEEL, WSBA #61165
Assistant Attorneys General
Wing Luke Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 342-7744
emily.nelson@atg.wa.gov
benjamin.seel@atg.wa.gov

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

DATED this 19th day of May, 2025.

_____
LOGAN YOUNG
Paralegal

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744