FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ADAMS COUNTY SHERIFF'S OFFICE, ADAMS COUNTY,<br><br>　　　　　Defendants. | No. 2:25-CV-99-RLP<br><br>ORDER ON MOTIONS TO REMAND AND TO DISMISS |

BEFORE THE COURT is the limited issue of whether the parties' dispute over the Keep Washington Working Act (KWW), which restricts state and local authorities from assisting in civil immigration enforcement, should be litigated in state or federal court. A hearing was held in this matter on June 10, 2025. Plaintiff the State of Washington was represented by Emily Nelson and Benjamin Seel. Defendants Adams County Sheriff's Office and Adams County were represented by Joel Ard.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 1

For the reasons set forth below, the Court agrees with the State that removal of this matter to federal court on the basis of federal question jurisdiction was improper. Thus, Plaintiff's Motion for Remand, ECF No. 4, is granted. Given this disposition, the Court lacks jurisdiction over Defendants' Motion to Dismiss Adams County Sheriff's Office. That Motion, ECF No. 3, is therefore denied as moot. Because Defendants' request for removal of this case to federal court is not objectively unreasonable, the Court denies the State's request for attorney fees and costs.

## BACKGROUND

Enacted in 2019, KWW reflects the Washington legislature's determination "that it is not the primary purpose of state and local law enforcement agencies or school resources officers to enforce civil federal immigration law." RCW 10.93.160(2). Several provisions of KWW prohibit state officials from assisting in civil immigration enforcement. For example, state and local law enforcement agencies may not:

- "Provide information pursuant to notification requests from federal immigration authorities for the purposes of civil immigration enforcement, except as required by law." RCW 10.93.160(4)(b).
- "[P]rovide nonpublicly available personal information about an individual, including individuals subject to community custody

    pursuant to RCW 9.94A.701 and 9.94A.702, to federal immigration authorities in a noncriminal matter, except as required by state or federal law." RCW 10.93.160(5).

- "[G]ive federal immigration authorities access to interview individuals about a noncriminal matter while they are in custody, except as required by state or federal law, a court order, or by [written informed consent]." RCW 10.93.160(6)(a).

- Detain an individual "solely for the purpose of determining immigration status." RCW 10.93.160(7).

- Take or hold an individual in custody "solely for the purposes of determining immigration status or based solely on a civil immigration warrant, or an immigration hold request." RCW 10.93.160(8).

    KWW specifies that nothing in the statute "prohibits the collection, use, or disclosure of information that is: (a) Required to comply with state or federal law; or (b) In response to a lawfully issued court order." RCW 10.93.160(16).

    On March 10, 2025, Washington state filed suit against Adams County and the Adams County Sheriff's Office in Spokane County Superior Court alleging violations of KWW. According to the Complaint, Defendants (1) shared nonpublic, personal information with federal immigration in non-criminal matters; (2) held individuals based solely on civil immigration detainers and/or warrants from

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 3

federal immigration officials; (3) allowed federal immigration officials to interview individuals in custody about noncriminal matters without obtaining the individual's consent; and (4) failed to adopt Sheriff's Office policies that align with KWW.

Defendants removed the case to this court on the basis of federal question jurisdiction and then moved to dismiss Adams County Sheriff's Office on the basis that it lacks capacity to be sued under Washington law. *See* ECF Nos. 1, 3. The State thereafter filed a motion to remand, arguing this Court lacks federal question jurisdiction. *See* ECF No. 4. The United States has filed a Statement of Interest in support of Defendants Adams County and Adams County Sheriff's Office, arguing KWW violates the supremacy clause of the constitution. ECF No. 5. The briefing from the United States does not specifically address the parties' motions.

## ANALYSIS

Consistent with our Constitution's model of federalism, federal question jurisdiction exists only in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case originally filed in state court can be removed to federal court on the basis of federal jurisdiction. *See* 28 U.S.C. § 1441. But a plaintiff is considered the master of their complaint. *Caterpillar v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987). The fact that the plaintiff could have filed a complaint in federal court is not sufficient to confer federal jurisdiction. Instead, when a plaintiff has chosen state court, their choice controls unless "a

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citation omitted). A defendant seeking to remove a case from state to federal court bears the burden of establishing federal jurisdiction. *Lake v. Ohana Mil Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021).

A complaint can assert federal question jurisdiction of action in two ways. The most common and direct way is to allege a federal cause of action. *Gunn v. Minton*, 568 U.S. 251, 257, 133 S. Ct. 1059 (2013). But the Supreme Court has recognized a "special and small category of cases in which" federal question jurisdiction still lies. *Id*. at 258. Specifically, federal question jurisdiction exists if the following four factors are met: the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*.

Turning to the instant case, the first method of asserting a federal question jurisdiction is not at issue. The Complaint here does not involve an allegation that Defendants have violated federal law. Instead, the State has filed a declaratory judgment action under state law, seeking a determination that Defendants have violated KWW, a state statute.

Given this case does not involve a federal cause of action, the question becomes whether Defendants can establish federal jurisdiction based on the four-factor *Gunn* test. The Court thus proceeds to analysis of the factors.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 5

The first *Gunn* factor asks whether the State's complaint necessarily raises a federal issue. A complaint will meet this criterion if the Plaintiff asserts a violation of federal law in order to establish a *prima facie* case of liability. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1185 (9th Cir. 2022). However, if federal law is relevant only as an affirmative defense to liability, then it is not part of a *prima facie* case and the first *Gunn* factor is not met. *See Caterpillar*, 482 U.S. at 393 ("a case may *not* be removed to federal court on the basis of a defense") (emphasis added).

The Complaint here does not necessarily raise a federal issue because KWW designates compliance with federal law as an affirmative defense. As written, KWW restricts state and local officials from various forms of civil immigration enforcement, "except" as required by state or federal law or court order. RCW 10.93.160(4)(b), (5), (6). The choice of the word "except" is significant. Washington has adopted a rule statutory interpretation holding that "exceptions to legislative enactments must be strictly construed." *Hall v. Corporation of Catholic Archbishop of Seattle*, 80 Wn.2d 797, 801 (1972). Thus, "[o]ne who claims the benefit of such an exception has the burden of bringing himself clearly within it." *Id*. *See also State v. Deer*, 175 Wn.2d 725, 734 (2012); *Tesoro Refining and Marketing Co. v. State, Dept. of Revenue*, 164 Wn.2d 310, 317 (2008); *Asplundh Tree Expert Co. v. Washington State Dept. of Labor and Industries*, 145 Wn. App.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 6

52, 61 (2008); *Home Builders Ass'n of Kitsap County v. City of Bainbridge Island*, 137 Wn. App. 338, 347-48 (2007); *R.D. Merrill Co. v. State, Pollution Control Hearings Bd.*, 137 Wn.2d 118, 140-41 (1999). By designating federal law compliance as an exception to KWW liability, the legislature made plain its intent that a party asserting a federal law defense bears the burden of proof.

Defendants argue against the foregoing statutory analysis. Defendants claim there is language in KWW designating federal law as part of a plaintiff's *prima facie* case. Specifically, RCW 10.93.160(16) states, "[n]othing in this section prohibits the collection, use, or disclosure of information that is: (a) Required to comply with state or federal law; or (b) In response to a lawfully issued court order."[1] Defendants' argument fails for lack of supporting authority. Defendants have not cited any Washington cases or other authorities suggesting the use of the qualifier "[n]othing … prohibits" connotes legislative intent to deviate from the well-established rule regarding exceptions to legislative enactments. Had the legislature intended this language to designate the plaintiff's burden of proof, it would not have repeatedly used the word "except" when denoting the possibility of

---

[1] Defendants also cite to similar language in RCW 43.10.425(3). However, this portion of KWW applies to state agencies and neither defendant falls under this category.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 7

non-liability based on compliance with federal law throughout the same statute. *See* RCW 10.93.160(4)(b), (5), (6)(a).

Because compliance with federal law is an affirmative defense under KWW, this case is unlike matters cited by Defendants, where *prima facie* proof of a statutory violation would require interpreting the contours of federal law. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1186 (9th Cir. 2022) (declaratory judgment action where the plaintiff sought a determination that the defendant had violated federal law); *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 279 (9th Cir. 2018) (state declaratory judgment action where plaintiff sought determination that state Medicaid reimbursement law violated the federal Medicaid Act); *New York v. Arm or Ally*, 644 F. Supp. 3d 70, 92 (S.D.N.Y. 2022) (cause of action required proof that defendants were involved in manufacturing or selling products meeting the federal definition of a firearm).

In sum, to establish a violation of KWW, the State needs only to show Defendants have engaged in conduct prohibited by KWW. It is not also necessary for the State to plead and prove Defendants' conduct was not protected by federal law. Thus, Defendants have not satisfied the first *Gunn* factor.

Because Defendants have not shown remand was proper under the first *Gunn* factor, this Court's analysis could end here. Nevertheless, the Court briefly addresses the remaining factors.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 8

With respect to the second and third *Gunn* factors, the legal issues before this Court are not *currently* actual and substantial. Defendants' substantive argument is that KWW's requirements conflict with federal immigration law. Defendants rely on 8 U.S.C. §§ 1373 and 1644, which prohibit the State from barring information sharing between state or local entities and the Immigration and Naturalization Service "regarding the immigration status, lawful or unlawful" of any alien or individual. The problem with Defendants' reliance on these provisions is the Ninth Circuit has already interpreted them in a way that undercuts Defendants' concerns. According to the Ninth Circuit, the reference to information regarding "immigration status" set forth in §§ 1373 and 1644 is narrow and extends only "to information strictly pertaining to immigration status—i.e. what that immigration status is." *San Francisco v. Barr*, 965 F.3d 753, 763 (9th Cir. 2020), *cert. dismissed*, 141 S.Ct. 1292 (2021). Given this narrow construction, state and local governments are free to restrict information sharing beyond this narrow provision. *Id. See also United States v. California*, 921 F.3d 865, 889 (9th Cir. 2019), *cert. denied*, 141 S.Ct. 124 (2020) ("Federal law provides states and localities the *option*, not the *requirement*, of assisting federal immigration authorities.") (emphasis in original).

Defendants argue this case does raise actual and substantial questions because the foregoing Ninth Circuit decisions were wrongly decided. The Court

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 9

understands this concern. But while Washington's courts are not bound by decisions of the Ninth Circuit, this Court is. *Compare Schuster v. Prestige Senior Mgmt.*, 193 Wn. App. 616, 630 (2016) ("A state court is not bound by rulings on federal statutory law made by a federal court other than the United States Supreme Court."), *with Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue"). Were this matter to proceed in federal court, then this Court would have no choice but to give effect to the Ninth Circuit's construction of the immigration law.

With respect to the final *Gunn* factor, resolution of the parties' dispute in federal court would disrupt the federal-state balance. KWW is a relatively new statute and Washington's courts have yet to interpret its provisions or clarify its scope. Washington's courts are required to interpret state statutes in a manner that comports with federalism and federal supremacy. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 21, 103 S.Ct. 2841 (1983). It would be inappropriate at this juncture to assume KWW "will be construed in a way that creates a conflict with federal law." *Arizona v. United States*, 567 U.S. 387, 415, 312 S.Ct. 2493 (2012). Respect for state sovereignty counsels in favor of allowing the State of Washington to assess the meaning of KWW in the first instance.

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 10

Based on the foregoing, the Court agrees with the State that this matter was improperly removed from Spokane County Superior Court. This Court therefore lacks jurisdiction over the parties' case. As such, the Court does not have authority to rule on Adams County Sheriff's Office Motion to Dismiss, ECF No. 3. That motion will need to be addressed in state court.

The State requests an award of attorney fees and costs based on improper removal under 28 U.S.C. § 1447(c). An award of fees and costs under this statute is not automatic. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704 (2005). Rather, costs and fees may generally only be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Grancare LLC v. Thrower by and through Mills*, 889 F.3d 542, 552 (9th Cir. 2018) (internal quotation omitted).

Here, the Court cannot conclude removal was objectively unreasonable. The question of removal has not yet been decided in the context of a case involving an attempt to enforce state law restricting cooperation with immigration authorities. And the United States has taken the position that KWW conflicts with federal immigration law and interferes with the federal government's enforcement of immigration law. *See* ECF No. 5. Given the novelty of the issue raised and the

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 11

strong stance taken by the United States, it is understandable Defendants would seek to have this matter resolved in federal court. The State's request for attorney's fees is therefore denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, **ECF No. 4.**, is **GRANTED**.

2. The case is **REMANDED** to Spokane County Superior Court, Case No. 25-2-01212-32 for further proceedings.

3. Defendant Adams County Sheriff's Office's Motion to Dismiss, **ECF No. 3.**, as well as any pending motions, are **DENIED AS MOOT**.

4. Plaintiff's request for fees and costs is **DENIED**.

5. All hearing and other deadlines in this matter are hereby **STRICKEN.**

6. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, and provide copies to counsel and a certified copy to the Clerk of the Superior Court of the State of Washington for Spokane County, Case No. 25-2-01212-34, and **CLOSE** the file.

DATED June 25, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS TO REMAND
AND TO DISMISS* 12